## Richmond

### ROGER LEE BAITY

v.

### COMMONWEALTH OF VIRGINIA

No. 0447-91-3

Decided June 15, 1993

COUNSEL

Jonathan M. Rogers, for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON REHEARING EN BANC

OPINION

**KOONTZ, J.**—Roger Lee Baity was convicted of distribution of cocaine in a bench trial in the Circuit Court of Botetourt County on January 23, 1991. On appeal, he contends that he was denied his statutory right to a speedy trial as provided by Code § 19.2-243. Specifically, Baity contends that the fifteen day period granted by the trial court to permit him initially to obtain counsel was wrongfully charged against him when the trial judge denied his January 22, 1991 motion to dismiss for failing to commence his trial within the statutorily mandated time. We agree. Accordingly, we reverse the conviction and discharge Baity from further prosecution of this offense.*

---

\* Pursuant to Code § 17-116.02(D) the Court, upon its own motion, heard this appeal *en banc* without a prior panel decision.

## I. Background

Baity was indicted for the felony of distribution of cocaine on June 5, 1989. He was arrested for this offense on April 19, 1990, and released on bail. On April 25, 1990, Baity was arraigned in the trial court and requested that counsel be appointed to represent him. No order appointing counsel was entered. However, on that date, the court entered an order "on motion of [Baity]" continuing the matter until May 10, 1990, "to allow [Baity] to obtain his own counsel." Baity appeared with counsel on May 10, 1990. On that date, the court continued the matter to the 1990 June term and then on June 21, 1990, continued the matter "generally" upon the motion of the prosecutor. Baity did not concur with these continuances. Subsequently, on December 15, 1990, the court entered an order fixing January 23, 1991, for the commencement of Baity's trial. Baity did not concur with this order. On January 22, 1991, Baity filed a motion to dismiss, asserting that he had not been tried within nine months following his arrest as required by Code § 19.2-243. The trial judge concluded that the delay between April 25, 1990, and May 10, 1990, was attributable to Baity and, thus, extended the nine month period by fifteen days. Upon this conclusion, the trial judge denied Baity's motion. Baity was tried and convicted on January 23, 1991. This appeal followed.

## II. The Issues

■ The pertinent provisions of Code § 19.2-243 mandate that an accused who has been indicted on a felony, but not held in custody, shall be "forever discharged from prosecution therefor" if no trial is commenced in the circuit court within nine months from the date of the arrest of the accused. An exception is provided for such period of time as "the failure to try the accused was caused: [b]y continuance granted on the motion of the accused, or by his concurrence in such motion by the attorney for the Commonwealth." Code § 19.2-243(4).

Baity and the Commonwealth agree that the proper application of these statutory provisions is dispositive of Baity's appeal. It is clear that Baity's trial was not commenced within nine months from the date of his arrest. He was arrested on April 19, 1990 and his trial commenced on January 23, 1991. Absent application of the exception in subparagraph (4) of Code § 19.2-243, Baity's trial was statutorily mandated to commence on or before January 19, 1991. The Commonwealth asserts no other exception to the mandate of this Code section other than the initial fifteen day continuance.

In this factual context, the issue presented is whether the continuance or delay, granted to permit Baity initially to obtain counsel, caused the failure to commence his trial within the time period *contemplated by Code § 19.2-243*. In addition, because the Commonwealth suggests that our decision in *Nelms v. Commonwealth*, 11 Va. App. 639, 400 S.E.2d 799 (1991), upon which Baity relies as dispositive of his appeal, is in conflict with *Townes v. Commonwealth*, 234 Va. 307, 362 S.E.2d 650 (1987), *cert. denied*, 485 U.S. 971 (1988), we also address that issue. The ultimate focus of our analysis is on the distinction we draw between that delay which is inherent in the orderly process of fixing a timely trial date and that delay which is not inherent in that process and which extends the Code § 19.2-243 time limitations.

## III. Discussion

In *Jones v. Commonwealth*, 13 Va. App. 566, 414 S.E.2d 193 (1992), we noted that Code § 19.2-243 has been the subject of numerous opinions and analyses by the appellate courts of this Commonwealth and well established principles guide our review of a claim of a denial of this statutory right. To focus our analysis upon the critical fifteen day period involved in the present case, we must begin with only several of these principles.

▪ It is well settled that Baity had no duty to demand that a trial date be set within the prescribed period of nine months from the date of his arrest in order to preserve his statutory right to a speedy trial. *See Walker v. Commonwealth*, 225 Va. 5, 9, 301 S.E.2d 28, 30 (1983). In fact, Baity had the right to ''stand mute without waiving his rights so long as his actions [did] not constitute a concurrency in or necessitate a delay of the trial.'' *Moten v. Commonwealth*, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). Following the initial fifteen day continuance, no action by Baity constituted a concurrence in or necessitated a delay in the commencement of the trial. Moreover, the Commonwealth asserts no other delay attributable to Baity or applicable exception to the statutory mandate for the commencement of Baity's trial on or before January 19, 1991. Thus, it is clear from the record that the only delay arguably attributable to Baity was the fifteen day period granted by the trial judge to permit Baity initially to obtain counsel. It is equally clear from the record that no trial date was set and no attempt was made to set one from Baity's first appearance before the court on April 25, 1990 until December 15, 1990 when, well within the statutory time limitation, the trial judge fixed January

23, 1991, for the commencement of Baity's trial. Baity did not concur with the selection of the trial date. For the reasons that follow, we conclude that the trial judge's action on December 15, 1990 was the cause for the failure to commence Baity's trial within the time period *contemplated by Code § 19.2-243.*

■ Although Baity's trial was commenced only four days beyond the time limitation specified in Code § 19.2-243, his claim of a denial of a speedy trial is no mere technicality. "The defendant's right to a speedy trial is one accorded him under the sixth amendment of the United States Constitution and under article I, section 8 of the Virginia Constitution. This right has been supplemented by Code §§ 19.2-241 and 19.2-243, held to be a legislative interpretation of what constitutes a speedy trial." *Stephens v. Commonwealth,* 225 Va. 224, 229-30, 301 S.E.2d 22, 25 (1983) (footnote omitted).

■ Code § 19.2-241 requires that "[t]he judge of each circuit court shall fix a day of his [or her] court when the trial of criminal cases will commence" and that the accused "shall be tried within the time limits fixed in [Code] § 19.2-243." This Code section is, in part, a legislative acknowledgement of the obvious imperative that the trial judge, rather than the prosecutor or the accused, controls the trial docket. Code § 19.2-243 contemplates an orderly procedure for setting criminal trial dates to ensure that the accused is afforded a statutory speedy trial without penalizing the Commonwealth for delays not fairly attributable to it. "[S]ome delay is unavoidable and some is essential to due process." *Stephens,* 225 Va. at 231, 301 S.E.2d at 26. In this context, Code § 19.2-243 is, in part, a further legislative acknowledgement of the common experience of delay in the management of the trial docket and the process of fixing trial dates by trial judges. Thus, the time limitations for the commencement of criminal trials specified in Code § 19.2-243 contemplate that circumstances beyond the control of the trial judge and the parties, such as the sickness of a witness, or those caused, requested or concurred in by the accused, may warrant a delay in the trial to ensure a fair trial to both the accused and the Commonwealth. Accordingly, such delays in the commencement of trial will toll the running of the time limitations specified in this Code section. However, that delay which is inherent in the process of fixing a timely trial date and which is accommodated by the statutory time limitations is not a delay that extends these time limitations. For this reason, the proper analysis of a claim of a denial of a

Code § 19.2-243 speedy trial involves more than a mere determination that a particular delay is attributable to and benefits the accused.

When the accused is not tried within the applicable time specified in Code § 19.2-243, this Code section invokes an assessment of the responsibility for *delay that caused "the failure to try the accused"* within the specified time. This assessment, however, does not lend itself to the application of a mathematical or accounting approach of debits and credits of periods of time assigned either to the accused or the Commonwealth, ascertained only from the text of trial court orders in the record. Although such orders facilitate the assessment of responsibility for delay and the determination of the merits of a Code § 19.2-243 claim, such orders do not and should not limit the scope of appellate review. The appellate inquiry is not made merely to determine in a vacuum delay attributable to one party or the other and then to debit or credit the appropriate party for that delay. The inquiry is made to determine that delay which caused the failure to commence the trial within the specified period and which is not contemplated within the statutory time limitations. Accordingly, the proper assessment and determination of the merits of a Code § 19.2-243 claim involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before us. *See Godfrey v. Commonwealth*, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984).

It is clear from the record that when Baity first appeared before the trial court on April 25, 1990, he was charged with a felony and requested that counsel be appointed for him. There is no suggestion in the record that the Commonwealth was prepared for trial on that day. There is no suggestion that the trial court had that day available for Baity's trial even if both parties were prepared for trial and Baity had elected to proceed without counsel. Thus, a continuance or delay was necessary to prepare the case so that the trial judge could "fix a day of his court" when Baity's trial would commence. The record does not disclose why counsel was not appointed for Baity; however, it is clear from the trial court's order of April 25, 1990 that Baity was given until May 10, 1990, "to obtain his own counsel." Although this continuance benefitted Baity, it cannot logically or factually be said that this continuance caused a delay in the commencement of Baity's trial. No trial was set which was delayed during this period of time and this action did not prevent the court from setting the case for trial within the statutory time. No attempt was made to set a trial date during this

time. The length of the delay was within the trial judge's sound discretion and presumably was exercised while mindful of the requirements of Code §§ 19.2-241 and 19.2-243.

Baity appeared with counsel on May 10, 1990. Approximately eight months and fifteen days of the applicable nine month limitation of Code § 19.2-243 for the commencement of his trial remained unexpended. Thereafter, well within the nine month limitation period, on December 15, 1990, the trial judge entered an order for the first time fixing January 23, 1991, for the commencement of Baity's trial. Baity did not concur with this order. January 23, 1991, was beyond the statutory time limitation, which would expire on January 19, 1991. There is no suggestion in the record that the prosecutor sought to set the case for a trial on or before January 19, 1991. Thus, the record before us reveals that from May 10, 1990, the trial judge was not hampered by circumstances beyond his control or caused, requested or concurred in by Baity that caused a delay in the commencement of Baity's trial on or before January 19, 1991. Unless the initial fifteen days granted to Baity to obtain his own counsel is not a delay contemplated and accommodated by the time limitation of Code § 19.2-243 but, rather, is excluded from that time limitation, it is clear that Baity was denied his right to a statutory speedy trial. Our decision in *Nelms* speaks directly to this point.

In *Nelms* we held that "when an accused appears before a trial court for the appointment of counsel and the case is continued to the next docket call without being set for trial, the period of time which follows is not tolled under Code § 19.2-243." 11 Va. App. at 640, 400 S.E.2d at 800. We explained that:

[t]he accused had simply been brought before the court for the appointment of counsel, a step necessary for the trial of the accused. No trial date had been set and no attempt was made to set one. The effect of appointing counsel was to prepare the matter for trial, and did not cause a failure to try the [accused].

*Id.* at 641-42, 400 S.E.2d at 801. Factually, Baity's case is remarkably similar to *Nelms*. No significant distinction may be drawn between the delay for Baity to obtain his own counsel and the delay for Nelms to have counsel appointed. Both delays were steps necessary to prepare the cases for trial. Both delays facilitated the orderly process of fixing a date for the commencement of the accuseds' trials.

■ The significance of the holding in *Nelms*, however, is that it guides the focus of appellate review to those delays which cause a failure to try the accused within the time period contemplated by Code § 19.2-243, as distinguished from those delays commonly experienced in the orderly administration of justice and necessarily included within or factored into the time limitations of this Code section. In other words, because Code § 19.2-243 contemplates within its time limitations that some delay is necessary to prepare a case for trial and particularly to fix a trial date in an orderly manner, that period of time permitted by the trial court for this purpose does not also extend this Code section's time limitations. Considered in this context, the fifteen day period granted to Baity to obtain his own counsel was a delay contemplated in the statutory nine month limitation for the commencement of his trial and was not a continuance that prevented the case from being scheduled within the statutory period. Factually, this delay was not the cause of the failure to commence Baity's trial in a timely fashion and, thus, did not extend the statutory limitation for the commencement of his trial.[1]

Finally, we disagree with the Commonwealth's assertion that *Townes*, 234 Va. 307, 362 S.E.2d 650 (1987), is dispositive of Baity's claim and its suggestion that *Nelms* is in conflict with that decision. In

---

[1] *Nelms* does not hold and we do not suggest here that the trial judge is required to permit unlimited periods of time for the accused to obtain counsel before fixing a trial date pursuant to Code § 19.2-241 and in the process to cause that time not to toll the time limitations of Code § 19.2-243. The trial judge is not held hostage to the diligence of the accused in obtaining counsel. Nothing prohibits the fixing of a trial date in anticipation of the case being prepared for trial within the time limitations of Code § 19.2-243. However, if for management reasons the trial judge elects to delay fixing a timely trial date until counsel for the accused is retained or appointed, this delay does not toll the statutory time limitations for the trial of the accused.

In addition, although the statutory mandate is upon the trial judge, we do not mean to suggest that the prosecutor has no responsibility in this process. In fact, our Supreme Court has stated that "it is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice[, and] it is the prosecution which has the duty of implementing the constitutional [and statutory] guarantee of a speedy trial." *Fowlkes v. Commonwealth*, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978) (footnote omitted). It is reasonable to suggest, therefore, that the prosecutor will be mindful of the requirements of Code § 19.2-243 and accept some degree of responsibility to assist the trial judge by requesting a trial date within the time limitations of this Code section. It is reasonable to assume that the trial judges expect no less from the prosecutor.

Here, perhaps without this reasonably expected assistance of the prosecutor or through some inadvertence in calculation, the trial judge simply fixed a trial date which exceeded the permissible time limits of Code § 19.2-243. While this situation is understandable and not a cause for criticism, the statutory mandate of dismissal is unchanged.

*Townes*, the accused, then represented by counsel, obtained a continuance from October 16 to December 4, 1985, for some reason not disclosed in the opinion. Subsequently, on December 4, various motions were resolved, including a motion by Townes that his counsel be dismissed and that he be allowed to represent himself. Standby counsel was designated and, after a discussion concerning a trial date, March 3, 1986, was suggested by standby counsel. On December 23, 1985, an order was entered setting the trial for March 3, 1986, "on motion of both parties by agreement." 234 Va. at 321-22, 362 S.E.2d at 658.

Although the Court stated that Townes was chargeable with the period of time from October 16 to December 4, even though no trial date had been previously set, *id.* at 322, 362 S.E.2d at 658, the actual holding in *Townes* appears on the following page of the opinion. There, the Court held:

> But, in any event, another reason compels the conclusion that Townes was not denied his statutory right to a speedy trial. The order of December 23, *entered well within the five-month period*, expressly states that the March 3, 1986 trial date was set "on motion of both parties by agreement." This recitation imports verity and reflects judicial action constituting a continuance granted with the concurrence of both the prosecution and the accused. This continuance, from December 4 until March 3, extended the five-month period for three months less one day, or *more than enough to satisfy the requirements of Code § 19.2-243 even if we ignore the continuance of October 16, 1985, and allow an extension of only fifteen days [as asserted by Townes] for the illness of [a witness for the Commonwealth].*

*Id.* at 323, 234 S.E.2d at 659 (emphasis added) (footnote omitted).

Arguing that no trial dates had been set when the accused in *Townes* and Baity were granted continuances attributable to them, the Commonwealth asserts that *Townes* controls the resolution of Baity's claim. The two situations, however, are significantly different.

█ It is well settled that, without a waiver of counsel, the trial of an accused for a felony charge may not commence until the accused retains or has counsel appointed for him. Although a continuance or delay for this specific purpose benefits the accused, it also prepares the matter for trial and, thus, benefits both the court and the Commonwealth. *Townes* does not involve an analysis of a Code

§ 19.2-243 claim based upon a continuance to permit the accused initially to obtain counsel. Townes had counsel and obtained a continuance for some undisclosed reason. We may not simply assume that Townes' continuance was a step necessary to prepare the matter for trial or that its benefit was not limited to him. Townes may have been prepared for trial, but for some tactical reason sought and obtained a delay in the commencement of his trial. On the other hand, if we assume that he obtained a continuance to prepare his case for trial, the result of the Code § 19.2-243 analysis is the same even though no trial date had been previously set. A continuance or delay that permits the accused to obtain a perceived tactical benefit or permits the accused to prepare his case for trial is not a benefit shared by the Commonwealth. It is not a delay inherent in the process of preparing the matter for trial but, rather, is granted in the sound discretion of the trial judge consistent with principles of due process. Because it is not a delay inherent in the process of preparing the case for trial, the fact that a trial date was or was not actually delayed is immaterial. In this context, the delay in *Townes* from October 16 to December 4 was properly held to extend the statutory time limitation for the commencement of his trial.

In stark contrast, in Baity's case, the only continuance or delay attributable to him was clearly not to obtain a perceived tactical benefit by the delay in the commencement of his trial or to prepare his case for trial. Rather, as in *Nelms*, this delay was granted for the specific purpose to permit Baity to obtain counsel. While the benefit to Baity is obvious, this continuance was a step necessary to prepare the matter for trial and, thus, the Commonwealth shared in that benefit. *Townes* simply does not involve such a situation. Thus, in the assessment of Baity's claim, we cannot ignore the plain fact that the failure to commence Baity's trial within the applicable time period was caused by the court's failure on December 15, 1990, well within the statutory time limitation, to fix a trial date on or before January 19, 1991.

In sum, and consistent with our decision in *Nelms*, we decide only that when an accused first appears before a trial court in a felony case without counsel and the matter is continued to permit the accused to obtain private counsel, that delay does not toll the time limitations contained in Code § 19.2-243 for the commencement of the accused's trial. Rather, that delay is inherent in the orderly process of fixing a trial date and is necessarily included within or factored into the time limitations of this Code section. Thus, where the record reflects, as it does here, that the failure to commence the trial of the accused within

the statutorily mandated time limitations of Code § 19.2-243 was caused solely by the trial court's failure, well within the statutory time limitation, to fix a timely trial date, the accused has been denied his statutory right to a speedy trial.

For these reasons, we reverse Baity's conviction and discharge him from further prosecution for this offense.

*Reversed and dismissed.*

Barrow, J., Benton, J., Coleman, J., Willis, J., and Elder, J., concurred.

Moon, C.J., with whom Baker, J., Bray, J. and Fitzpatrick, J., join dissenting.

I respectfully dissent and would affirm the trial court because the record contains an order showing that, on appellant's motion, the case was continued for fourteen days to allow him to obtain his own attorney. If that time is not charged against the Commonwealth, as it should not have been, the case was tried within the prescribed time. *See Townes v. Commonwealth*, 234 Va. 307, 322-23, 362 S.E.2d 650, 658-59 (1987), *cert. denied*, 485 U.S. 971 (1988).

Baity was indicted June 5, 1989. He was arrested on April 19, 1990, and released on bail. Thus, the Commonwealth had until January 19, 1991, to try him, unless some exception extended the time. On April 25, 1990, Baity appeared before the circuit court, executed an affidavit of indigence, and filled out a form requesting that counsel be appointed for him. No order appointing counsel was entered. However, an order was entered on that date that stated, "On motion of the defendant, these cases are continued until May 10, 1990, at 9:30 a.m., to allow the defendant to obtain his own counsel." On May 10, an order was entered that provided, "James M. Roe, Jr., having been retained as counsel in these cases, these cases are continued until the June term of court, 1990 to have a trial date set at that time." The record does not show any previous order setting a trial date.

On June 21, 1990, an order was entered that provided, "upon the motion of the attorney for the Commonwealth, these cases are continued generally." On December 5, 1990, an order was entered that provided, "the above styled cases have been set for trial on January 23, 1991, at 9:30 a.m." On January 19, 1991, appellant moved for dismissal because he had not been tried within nine months following his

arrest. The trial judge denied his motion because the April 25, 1990 continuance order was entered upon the defendant's motion and, thus, the nine month period was extended by fifteen days.

In *Townes*, probable cause was found by the general district court on August 23, 1985, and Townes was held in continuous custody. On October 16, 1985, Townes, then represented by court-appointed counsel, moved for a continuance, which was granted by order entered the same day, and the case was continued until December 4, 1985. On December 4, Townes and his court-appointed counsel appeared in court on a number of motions, and, for the first time, trial was set for March 3, 1986. Before the case was tried, Townes moved to dismiss, citing his failure to be tried within the time prescribed by Code § 19.2-243. Among the periods of time that Townes claimed should not have been counted against him was the one for the "continuance" granted on October 16, 1985. The Supreme Court noted:

> Townes says we should ignore the continuance granted October 16, 1985, on his motion; he claims that when the October 16 motion was granted, no trial date had been set previously and, hence, no continuance cognizable under Code § 19.2-243 occurred.

*Id.* at 322, 362 S.E.2d at 658.

Then, the Supreme Court stated:

> We disagree with Townes. We think he is chargeable with the period from October 16 to December 4, or one month and 18 days. This had the effect of extending the five-month speedy trial period.

234 Va. at 322-23, 362 S.E.2d at 658. The significant facts of the situation pertaining to Baity are indistinguishable from those in the *Townes* case. Therefore, our decision should be controlled by the *Townes* holding.

Defendant argues that because his case was not set for trial on April 25, 1990, the continuance from that date until May 10, 1990, even if granted upon his motion to allow him to obtain an attorney, did not result in a failure to try him. He relies upon *Nelms v. Commonwealth*, 11 Va. App. 639, 400 S.E.2d 799 (1991), wherein the Court held that an order of continuance stating that it was "with the consent and approval of the accused after prior consultation with his counsel" was not a continuance granted on motion of the accused and, furthermore,

that the continuance was not a cause for failure to try the accused within the statutory limit. *Id.* at 640, 400 S.E.2d at 800.

The defendant maintains that the decision in *Townes,* read in conjunction with *Nelms,* supports his position that he should be discharged from prosecution because no trial date was previously set when he moved for a continuance and because the delay caused by his motion did not result in a failure to try him. He contends that when the Supreme Court said, ''We disagree with Townes,'' it disagreed with Townes as to the allegation that no trial date had been set. Defendant contends that the Supreme Court was saying that a trial date had been set. However, the recitation of the facts in *Townes* does not show that a trial date had been set as of October 16, 1984, just as the record in this case does not show that a trial date had been set on April 25, 1990. The Supreme Court clearly disagreed with Townes' legal argument.

In *Nelms,* the defendant was indicted on November 7, 1988, and on November 14, 1988, he was brought to court without counsel. The court determined that he was indigent and appointed counsel to defend him. The trial court then entered an order that stated, ''with the consent and approval of the accused after private consultation . . . this case is continued to the next term of court.'' 11 Va. App. at 640, 400 S.E.2d at 800.

At the hearing to dismiss Nelms' case pursuant to Code § 19.2-243, defense counsel testified that he was not present on November 14, 1988, when counsel was appointed, and, therefore, the order incorrectly recited that he had conferred with counsel and had agreed to a continuance. Nelms also testified that his counsel was not present on November 14, 1988, and that he had not agreed to a continuance. The trial court accepted defense counsel's statements as true. Before overruling defendant's motion to dismiss, the trial judge, referring to a January 3, 1989, docket call, at which time the ultimate trial date was set, asked defense counsel three questions: (1) ''Did you agree to set this case?'' (2) ''Why didn't you set this case earlier if you take that position?'' and (3) ''You don't think that is a duty to you . . . that you should set an earlier trial?'' *Id.* at 641, 400 S.E.2d at 800. The trial court denied defendant's motion to dismiss, finding that ''it was with the consent of [defense] counsel that this case was set.'' *Id.* at 640-41, 400 S.E.2d at 800.

The panel in *Nelms* held that the trial court incorrectly concluded that the defense attorney's failure to insist on a trial date within the statutory limits dispensed with the requirements of Code § 19.2-243. *Id.* This holding in *Nelms* was dispositive of the case. Any other statements in *Nelms* that are in conflict with the holding in *Townes* would be nonbinding dicta.[2] Although *Nelms* was decided after *Townes*, the *Nelms* opinion made no reference to *Townes*. *Nelms* also does not discuss *Godfrey v. Commonwealth*, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984), where the Supreme Court defined the procedure it would follow in reviewing Code § 19.2-243. It said:

> The plain import of our long line of cases is that in assessing responsibility for delay in trying a defendant, *we will confine our review to the record that comes before us*. Representations of counsel, or even of the trial judge, if not supported by the record, are insufficient. Memories are too fragile to supply authoritatively what the record fails to reveal, especially where constitutional rights are at risk. *Courts act by orders and decrees that become a part of the record on appeal*. Continuances in criminal cases, therefore, must be documented to enable us to review and evaluate them when they are challenged.

*Id.* at 464, 317 S.E.2d at 783 (emphasis added) (footnote omitted). If this rationale is applied to the case before us, we should not look behind the order to determine which party is chargeable with the delay in this case between April 25 and May 10. The determination of what portion of the delay should be chargeable to whom can be made by mere reference to the trial court order.

An earlier case may have indicated a different approach. *Stephens v. Commonwealth*, 225 Va. 224, 301 S.E.2d 22 (1983), held that because the record demonstrated that the delay was actually caused by the defendant, the time was thus chargeable against defendant, notwithstanding the lack of an order showing the defendant moved for or concurred in a motion for a continuance. However, neither *Godfrey* nor *Stephens* supports the proposition that for a continuance to count against the

---

[2]    In *Nelms*, the panel also found that the order of November 14 continuing the case to the next term of court did not cause a "failure to try the accused." 11 Va. App. at 641, 400 S.E.2d at 800-01. The panel observed the accused had simply been brought before the court for the appointment of counsel, a step necessary for the trial of the accused. No trial date had been set and no attempt was made to set one. The panel concluded that the effect of appointing counsel was to prepare the matter for trial, and did not cause a failure to try the defendant. *Id.* at 641-42, 400 S.E.2d at 801.

defendant, even if upon his motion, the Commonwealth must show that a trial date was sought or was actually delayed.

I believe that the Supreme Court in *Godfrey* gave clear instructions to courts concerning how to assign responsibility for a continuance when a defendant has not been tried within the time prescribed by Code § 19.2-243. *Godfrey* held that if a defendant made a motion for a continuance and it was granted by an order documenting that it was on defendant's motion, the time should be charged to the defendant and the appellate court would not look beyond the order. In *Townes*, the trial court followed that procedure and the Supreme Court upheld the trial court. Similarly, I believe we should uphold the conviction in this case because under the holdings of *Godfrey* and *Townes*, the order of continuance on appellant's motion requires that the time in question be charged against the appellant.

Accordingly, I would affirm the judgment.