COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


LARRY DEAN BLACKBURN
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2166-96-3     JUDGE SAM W. COLEMAN III
                                        OCTOBER 14, 1997
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                    Keary R. Williams, Judge

          David L. Epling for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Larry Dean Blackburn was convicted by a jury of possession

of cocaine and possession of a firearm while in possession of

cocaine.  On appeal, he contends that his conviction violated his

statutory right to a speedy trial under Code § 19.2-243.  We

agree.  Accordingly, we reverse the conviction and dismiss the

charges.

                        I.  BACKGROUND

     On October 9, 1995, the appellant was indicted.  On that

day, the trial court appointed counsel for him.  The Commonwealth

suggested that the trial be set for November 6, 1995.  The

following colloquy occurred:

          DEFENSE COUNSEL:  Your Honor, if it please
          the Court, given my previous schedule, could
          we get back to you on a court date?  I might
          have to make a motion to continue this case

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> for the term. I don't want to do that right now. I may would [sic] like the Court to consider that motion within the next ten days.
>
> PROSECUTOR: Your Honor, could we likewise set this one for the 26th and at that juncture we can set a trial date?
>
> THE COURT: All right. October 26th, Mr. Blackburn, with the thought in mind that on that day we're going to schedule this matter for trial. It's not going to be on for the 26th for the actual trial. We're going to look that day and find a trial date . . . .

The parties stipulated that the circuit court clerk's minute book contained the following entry for October 9, 1995: "[Commonwealth] ask[s] that cases be set for 11-6-[95]. [Defendant] ask[s] that cases be set for trial on Old Felony Day, Case set for 10-26-95 to set trial." A trial date was not set on October 26, 1995. On February 12, 1996, the trial court scheduled the trial for March 14, 1996. Appellant was held in continuous custody until his trial on June 24, 1996.

On March 12, 1996, the appellant moved to dismiss the charges on the ground that the Commonwealth had violated his right to a speedy trial under Code § 19.2-243. The trial judge ruled that appellant's request to set the trial date on Old Felony Day was a motion for a "continuance." The trial judge then entered an order nunc pro tunc reciting that the appellant had requested and been granted a continuance from October 9 until October 26. The trial judge ruled that the Commonwealth did not violate the appellant's speedy trial rights because the 17 day

delay was attributable to the continuance requested by the appellant.  The appellant was convicted on both charges.

## II.  ANALYSIS

Code § 19.2-243 provides that an accused, if held continuously in custody from the time when probable cause is determined by the district court, "shall be forever discharged from prosecution . . . if no trial is commenced . . . within five months from the date . . . probable cause was found."  The running of this statute may be tolled for any of several reasons specified by the statute, including delays where the failure to try the accused was caused by:

> continuance granted on the motion of the
> accused or his counsel, or by concurrence of
> the accused or his counsel in such a motion
> by the attorney for the Commonwealth, or by
> the failure of the accused or his counsel to
> make a timely objection to such a motion by
> the attorney for the Commonwealth . . . .

Code § 19.2-243(4).  The Commonwealth bears the burden of proving that any such delay was caused by one of these enumerated exceptions.  See Norton v. Commonwealth, 19 Va. App. 97, 99, 448 S.E.2d 892, 893 (1994).

Nonetheless, "some delay is unavoidable and some is essential to due process." Stephens v. Commonwealth, 225 Va. 224, 231, 301 S.E.2d 22, 25 (1983).  Delays "commonly experienced in the orderly administration of justice [are] necessarily included within or factored into the time limitations of [Code § 19.2-243]." Baity v. Commonwealth, 16 Va. App. 497, 505, 431

- 3 -

S.E.2d 891, 896 (1993) (en banc).  Thus, Code § 19.2-243 contemplates within its time limitations that some delay is inherent and necessary to prepare a case for trial and to fix a trial date in an orderly manner.  Id.  In this respect, we held in Baity that the delay in setting a trial date in order to allow a defendant a reasonable time to retain counsel is "inherent in the orderly process of fixing a timely trial date," and, thus, does not extend the statutory time limitations for a speedy trial.  Id. at 507, 431 S.E.2d at 897; see Nelms v. Commonwealth, 11 Va. App. 639, 640, 400 S.E.2d 799, 800 (1991) (holding that where accused was appointed counsel and case was continued to next docket call without trial date being scheduled resulting delay did not cause failure to try accused but rather was necessary step to prepare case for trial).

Here, as in Baity, on the same day that the appellant was indicted, the parties and court agreed to delay the scheduling of a trial date until October 26.  A brief delay following indictment in scheduling cases for trial is customary to the trial court's orderly and timely docketing of cases for trial. Neither the defendant nor the Commonwealth requested a continuance, and the trial judge did not grant a continuance; rather the parties and trial judge agreed upon a date on which they would convene in order to schedule the case for trial. Accordingly, the time between October 9, when the defendant was indicted, until October 26, the date on which they were to decide

- 4 -

upon a trial date, was "inherent in the process of fixing a timely trial date" as contemplated by Code § 19.2-243, and was not a continuance that prevented appellant's case from being scheduled within the statutorily prescribed period.

Furthermore, the trial judge's entry of an order <u>nunc pro tunc</u> stating that the appellant moved for and was granted a continuance does not establish that a continuance was granted. The clerk's journal entry and the facts show that the parties and court merely agreed to a date on which a trial date would be set and in no way shows that the court granted a continuance. A trial court may enter an order <u>nunc pro tunc</u> to reflect judicial action that was, in fact, taken or to correct defects or omissions in the record so as to make the record confirm actual prior events. Code § 8.01-428(B). Such an order may not, however, be created to remediate an error of the court or to reflect what the court should have done as distinguished from what actually occurred. <u>See</u> <u>Council v. Commonwealth</u>, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956).

Moreover, the record is devoid of judicial action that is equivalent to granting a continuance. Rather, the trial court attempted, after the fact, to establish that it had granted a continuance, when, in fact, the parties and the court merely agreed to a date on which they would schedule trial. Thus, the trial court's order <u>nunc pro tunc</u> is invalid.[1]

---

[1] Our decision in <u>Baity</u> indicates that the grant of a motion for continuance may nonetheless constitute a delay accommodated

For these reasons, we hold that the Commonwealth failed to bring the appellant to trial within the period prescribed by Code § 19.2-243. Accordingly, we reverse and dismiss the appellant's conviction, and further discharge the appellant from prosecution for these offenses.

<u>Reversed and dismissed.</u>

(..continued)
by the time limits in Code § 19.2-243. <u>See</u> <u>Baity</u>, 16 Va. App. at 503, 431 S.E.2d at 895 ("[A] <u>continuance</u> or delay was necessary to prepare the case so that the trial judge could 'fix a day of his court.'") (emphasis added). Indeed, in <u>Baity</u>, the trial court initially entered an order continuing the matter "on motion of [the defendant]." <u>Id.</u> at 500, 431 S.E.2d at 893. Because we find the trial court's order reflecting a continuance to be invalid, we need not consider this aspect of <u>Baity</u>.

- 6 -