COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


SHERRY DENISE BATTLE
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1757-97-1        JUDGE DONALD W. LEMONS
                                           DECEMBER 8, 1998
CITY OF NORFOLK


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Benjamin N. A. Kendrick, Judge Designate

                Sa'ad El-Amin (El-Amin & Crawford, on brief),
                for appellant.

                William P. Robinson, Jr. (Robinson, Shelton,
                Malone & Anderson, on brief), for appellee.



        Sherry Denise Battle appeals her conviction for disorderly

conduct alleging that she was not prosecuted in a timely manner

pursuant to the speedy trial provisions of Code § 19.2-243.  We

agree and reverse and dismiss her conviction.

        On May 3, 1994, Battle was convicted of disorderly conduct

and assault in the General District Court for the City of

Norfolk.  She filed her notice of appeal, and the case was

docketed in the Circuit Court of the City of Norfolk.  On May 17,

1994, Battle filed a petition for rehearing in the general

district court.  The City of Norfolk filed a petition for writ of

prohibition in the circuit court seeking to prohibit any

rehearing in the general district court.  On December 13, 1995

the circuit court issued the writ.  Battle appealed the order to

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

the Supreme Court of Virginia. The criminal charges were not set for trial in the circuit court while the controversy over the petition for writ of prohibition was litigated. The same judge presided over the criminal matters and the civil proceeding for an extraordinary writ.

On April 9, 1996, the trial judge issued a "Notice of Issuance of Writ of Prohibition" and directed Battle to appear before the Clerk of the Norfolk Circuit Court on April 23, 1996 to advise the court of her "intent as such may be available pursuant to your appellate remedies due to your convictions in the General District Court for the City of Norfolk, Criminal Division." The parties agree that appellate proceedings over the petition for writ of prohibition had concluded at that time. The record reflects no order setting the case for trial; however, the trial commenced on April 28, 1997. On that day prior to trial, Battle moved for dismissal of the charges because the case had not been tried within the statutory constraints of the speedy trial provisions of Code § 19.2-243. The court denied the motion, the cases were heard by a jury and the jury returned a verdict of not guilty of assault and guilty of disorderly conduct.

> Code § 19.2-243 provides in part:
> [w]here a case is before a circuit court on
> appeal from a conviction of a misdemeanor or
> traffic infraction in a district court, the
> accused shall be forever discharged from
> prosecution for such offense if the trial de
> novo in the circuit court is not commenced
> (i) within five months from the date of the

conviction if the accused has been held continuously in custody or (ii) within nine months of the date of the conviction if the accused has been recognized for his appearance in the circuit court.

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

1.  By his insanity or by reason of his confinement in a hospital for care and observation;

2.  By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident;

3.  By the granting of a separate trial at the request of a person indicted jointly with others for a felony;

4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance; or

5.  By the inability of the jury to agree in their verdict.

But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.

We do not reach the issue of whether the time expended during an appeal of a civil proceeding for an extraordinary writ ancillary to a criminal prosecution is chargeable to the

Commonwealth under Code § 19.2-243. After appellate proceedings concluded, twelve months elapsed from April 23, 1996 to the date of the trial on April 28, 1997. The record reflects no justifiable basis for delay in setting the case for trial.

> We have previously stated that,
> > Code § 19.2-241 requires that "[t]he judge of each circuit court shall fix a day of his [or her] court when the trial of criminal cases will commence" and that the accused "shall be tried within the time limits fixed in [Code] § 19.2-243." This Code section is, in part, a legislative acknowledgement of the obvious imperative that the trial judge, rather than the prosecutor or the accused, controls the trial docket. Code § 19.2-243 contemplates an orderly procedure for setting criminal trial dates to ensure that the accused is afforded a statutory speedy trial without penalizing the Commonwealth for delays not fairly attributable to it.

Baity v. Commonwealth, 16 Va. App. 497, 502, 431 S.E.2d 891, 894 (1993).

The record is devoid of any permissible reason for delay in the setting of Battle's case for trial for the twelve-month period between April 23, 1996 and April 28, 1997. Accordingly, the trial judge erred in denying Battle's motion to dismiss the prosecution for failure to comply with the speedy trial provisions of Code § 19.2-243. The conviction is reversed and dismissed.

                                        Reversed and dismissed.