COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued by teleconference


MARK A. MICHAEL

                                    MEMORANDUM OPINION* BY
v.    Record No. 2451-98-1          JUDGE RICHARD S. BRAY
                                         JUNE 6, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                  Russell I. Townsend, Jr., Judge

          Jon M. Babineau for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Mark A. Michael (defendant) was convicted in a bench trial

of seven felonies and two misdemeanors.  On appeal, defendant

complains that the convictions resulted from trial in violation

of his statutory right to a speedy trial assured by Code

§ 19.2-243.  We disagree and affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

                              I.

     The procedural history is uncontroverted.  Preliminary

hearings on the offenses were conducted April 9, 1997 and April

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

10, 1997, indictments followed in the trial court and trial was scheduled, by agreement of counsel, for August 11, 1997. On August 10, defendant determined that he "wanted a continuance" to pursue certain DNA evidence and contacted the Commonwealth's attorney to seek concurrence in the motion. Both counsel agreed to continue trial from August 11, 1997, upon defendant's motion, and jointly spoke with the "judges secretary" to convey such request to the court. During the conversation, "[i]t was made known to [them] that the continuance would be granted," on defendant's motion. As further agreed, the Commonwealth appeared before the court the following day, the trial date, and shepherded the continuance through the docket.

In early December 1997, the Commonwealth noted the absence of an order reflecting the August continuance and sought the concurrence of defendant's counsel in a nunc pro tunc order memorializing the earlier proceedings. Counsel, however, advised that he "would not be in a position to sign [an] order nunc pro tunc." Accordingly, a hearing was conducted on December 12, 1997, to address the Commonwealth's motion for entry of the nunc pro tunc order, defendant's objection and his related motion to dismiss pursuant to Code § 19.2-243.

Although no transcript of the August proceedings was available, the events that attended the continuance were recounted to the court, without dispute, by both counsel. Moreover, Deputy Clerk Pam Milano testified that, on August 11,

-

1997, she noted on the daily trial "work sheet," a part of the record in the instant proceedings, that the case was "continued by motion of the defendant by counsel generally."  Milano confirmed that her notations recited "what [she] . . . heard" in court that day.  Both counsel acknowledged defendant had been in custody continuously since the preliminary hearings.

At the conclusion of the hearing, the trial court concluded that defense counsel had "requested or acquiesced in the motion for a continuance," circumstances documented by the deputy clerk.  The court, therefore, denied defendant's motion to dismiss the prosecution and entered an order nunc pro tunc, which granted a continuance of the August 11, 1997 trial date, upon "motion of the defendant by counsel."

On appeal, defense counsel concedes that he "wanted" the continuance and pursued it with both the Commonwealth and the court.  However, defendant now seeks to disassociate himself from such relief, albeit granted at his request, challenging the sufficiency of the nunc pro tunc order to properly document the proceedings.

## II.

Code § 19.2-243, in pertinent part, provides:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held continuously in
> custody thereafter, shall be forever
> discharged from prosecution for such offense
> if no trial is commenced in the circuit

-

> court within five months from the date such
> probable cause was found by the district
> court[.]

The statute, however, enumerates several circumstances that toll the prescribed period, including delay caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth." Code § 19.2-243(4). A "proper assessment and determination of the merits of a Code § 19.2-243 claim involve a review of the whole record and a consideration of the trial court orders in . . . context." Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (en banc).

It is well established that a trial court may, at any time, correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission[.]" Code § 8.01-428(B). Moreover, a "trial court has the inherent power, independent of statutory authority, to correct errors in the record so as to cause its acts and proceedings to be set forth correctly." Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996) (citing Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)). Thus, "the purpose of a nunc pro tunc entry is to correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the

-

record show what actually took place."  Council, 198 Va. at 293, 94 S.E.2d at 248 (citation omitted).

Here, the record clearly establishes that trial was continued from August 11, 1997, upon defendant's motion, and the disputed nunc pro tunc order simply corrected the inadvertent omission of a contemporaneous order memorializing the event, as otherwise reflected in the record.  Thus, Code § 19.2-243 was tolled on August 11, 1997.[1]

Accordingly, there was no violation of defendant's statutory right to a speedy trial, and we affirm the convictions.

Affirmed.

---

[1] Defendant does not contend that his right to a speedy trial was violated if the August continuance is attributed to his motion.

-