COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Huff and Malveaux
Argued at Alexandria, Virginia


SHRILREY LORENZO CARTER, S/K/A
  SHIRLEY LORENZO CARTER

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0941-21-4                   JUDGE GLEN A. HUFF
                                                       JUNE 7, 2022

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                         James A. Willett, Judge

         Jeremiah Matthew Adair for appellant.

         Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
         Attorney General, on brief), for appellee.


         Shirley Lorenzo Carter ("appellant") was convicted of three charges in the Prince William

County Circuit Court (the "trial court") after a bench trial:  assault and battery on a law

enforcement officer, obstruction of justice, and driving after forfeiture of license.  On appeal, he

challenges all three convictions as improper on the basis that his trial occurred after the statutory

speedy trial deadline.  He also claims the Commonwealth's evidence failed to establish intent as

to the assault charge.  This Court disagrees and affirms.

_____

         [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND[1]

Just after noon, on May 19, 2018, Officer Joshua Walsh-Steines of the Prince William County Police Department arrived at the scene of a car accident. In one of the two wrecked cars, Officer Walsh-Steines found appellant in the driver's seat. When other officers arrived at the scene, they arrested appellant for driving under the influence. Although appellant first refused to get inside Officer Walsh-Steines's police cruiser, he eventually relented, and Walsh-Steines began driving appellant to the adult detention center.

On the way there, appellant "began to scream, became extremely belligerent, [and] started kicking the door and the window in the vehicle." Officer Walsh-Steines told appellant to stop, but appellant continued kicking the locked car door. Walsh-Steines noticed the door began "separating from the frame," and he "thought [appellant] was going to kick [the] window out."

The officer pulled the car over and called for backup, and Officer Aosue Acevedo-Ortiz arrived soon after. They decided to try to restrain appellant's legs. Appellant continued kicking the door sporadically, and the officers repeatedly told him to stop. When they began to open the back car door, appellant kicked the door, causing it to fling open and strike Officer Walsh-Steines's hand. Walsh-Steines testified the strike was painful and left him with "a pretty deep bruise."

Officer Acevedo-Ortiz used pepper spray on appellant to stop him from kicking, and emergency medical services ("EMS") arrived to check appellant's vitals. The EMS personnel placed appellant in an ambulance and took him to the hospital.

---

[1] "[T]his Court 'consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" *Pooler v. Commonwealth*, 71 Va. App. 214, 218 (2019) (quoting *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*)).

On February 4, 2019, appellant was indicted on charges of assault and battery of a police officer (based on his kick to the door that struck Officer Walsh-Steines), under Code § 18.2-57; obstructing justice, under Code § 18.2-460; and driving after forfeiture of license, under Code § 18.2-272.

Appellant was arrested on February 25, 2019, served with the indictments that same day, and held without bond from that point until his trial. Appellant was arraigned on March 4, 2019, with Matthew Morrison acting as his court-appointed counsel. During a hearing on March 8— eleven days after the February 25 preliminary hearing—the court set a trial date of September 4, 2019. Both parties orally agreed to the trial date and signed the order, indicating their agreement.

Just a few days before the scheduled trial date, on August 30, 2019, appellant filed a motion in which his counsel, Morrison, requested to withdraw from representation. The same day, the court appointed Christopher Finch as appellant's new counsel and *sua sponte* continued the case, setting a new hearing for September 13.

At the September 13 hearing, Finch explained to the court that Morrison withdrew because appellant "asserted a claim based on the [S]peedy [T]rial [A]ct," arising from Morrison having set the trial date beyond the speedy trial deadline "without his permission." Finch told the court he planned to file a motion to dismiss on that basis, and at Finch's request, the trial court set a hearing date for the motion of October 3. Appellant filed the motion to dismiss on September 25, asking the court to dismiss the charges "on the ground that he [was] not tried within the time prescribed by Section 19.2-243 of the Code of Virginia."

At the October 3 motion to dismiss hearing, Finch claimed that the speedy trial period began to run on February 25, 2019, and that because appellant did not receive a trial within five months of that date, the trial court should dismiss the case. Finch also explained that Morrison

withdrew as counsel because appellant sent Morrison a letter on July 5 "in which [appellant] alleged that he was entitled to a trial by . . . July 5, that he hadn't received it," and that he should therefore be "forever discharged" under the speedy trial statute.[2]

In response, the Commonwealth asserted that appellant, by counsel, agreed to the September 4 trial date, which therefore tolled the speedy trial deadline. According to the Commonwealth, the agreement to set the September 4 trial date was either (1) a motion to continue, falling under Code § 19.2-243(4), or (2) an implied or express waiver by appellant of his speedy trial rights.

Finch claimed Morrison and appellant both told him they did not discuss his speedy trial right at the March 8 hearing or before. Thus, he argued, the agreement to set the trial date came from Morrison without appellant's "consent and knowledge" of his speedy trial right, and accordingly could not be a "knowing and voluntary" waiver of his rights.

The trial court disagreed with appellant, holding that Morrison acted as appellant's legal representative in setting the trial date past the speedy trial deadline and "the Commonwealth should not be prejudiced by" appellant waiting until after the putative deadline passed to file his motion to dismiss. The trial court then set a new trial date for November 25, 2019, and the parties signed and agreed to the order.

At the November 25 trial date, the Commonwealth asked the court to continue the case because it could not locate a witness. The defense objected to the continuance, noting the long history of the case and that "it's been an awfully long time." The court then asked the

---

[2] Based on the record, appellant drafted his own motion to dismiss with an attached letter (dated July 5, 2019) citing, among other things, the speedy trial statute. He sent that letter to the Prince William County Circuit Court Clerk's Office, and it was filed on July 8. The Deputy Clerk responded to appellant's letter in a letter dated July 9, in which she advised appellant to contact his attorney, Morrison, and told appellant she would forward Morrison his "letter and Motion to Dismiss." Then on August 23, Morrison moved the court to withdraw as appellant's counsel.

Commonwealth if it had a speedy trial calculation, and the Commonwealth told the court it believed it had "about four months left." Finch corrected the Commonwealth, saying, "I think they've got about three months left." The court then granted the continuance and set the trial for January 8, 2020, with both parties consenting.

Appellant's trial took place on January 8, 2020. Before the trial, appellant pleaded guilty to driving after the forfeiture of his license. After the Commonwealth rested, appellant's counsel moved to dismiss the assault charge. He asserted that, although appellant intended to kick the door, the evidence did not establish an intent to assault the officer. The trial court overruled the motion. Relying on *Banovitch v. Commonwealth*, 196 Va. 210 (1954), it found the evidence sufficient to impute intent because appellant's intentional kick "set in motion" the door strike that injured Officer Walsh-Steines.

The trial court convicted appellant on all three charges. Appellant was sentenced on the assault charge to five years' incarceration with three years and seven months suspended. He received twelve months for the obstructing-justice charge and twelve months for the driving-after-forfeiture-of-license charge, all suspended. This appeal followed.

## II. ANALYSIS

In his first assignment of error, appellant claims the trial court erred (1) in adopting the Commonwealth's speedy trial calculation at the October 3 motion to dismiss hearing and (2) in granting the Commonwealth's requested continuance on November 25.[3] His second assignment of error claims the evidence at trial did not establish the requisite intent for the assault charge.

---

[3] The Commonwealth claims appellant did not preserve the second part of this argument because, on November 25, his counsel (1) failed to specify in his objection that the continuance would violate appellant's speedy trial rights and (2) invited any error when he corrected the Commonwealth and trial court that he thought the Commonwealth had three months left to try the case. Because resolving appellant's claim that the trial court erred in its October 3 calculation resolves the second part of his argument, this Court need not—and does not—address those issues. *See supra* n.4.

This Court first addresses his speedy trial claim, for if he were to prevail on that claim, it must reverse all three of his convictions.

A. Speedy Trial Deadline

At the October 3 motion to dismiss hearing, the trial court's speedy trial calculation hinged on the fact that appellant's counsel, on March 8, had agreed to a trial date of September 4, which fell outside the statutory speedy trial period. Appellant's speedy trial argument on appeal is that the "continuance and tolling should only apply to the 39 days [of the period between the March 8 agreement and the September 4 trial date] that were beyond the timeframe set out in the statute."

Ultimately, though, this case boils down to whether appellant's counsel's agreement on March 8, 2019, to a trial date outside the speedy trial period tolled the deadline. Because it did, this Court affirms the trial court's speedy trial determination.

Under the speedy trial statute, Code § 19.2-243:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

That five-month period "translates to 152 and a fraction days. The Commonwealth is required to commence trial within that time." *Turner v. Commonwealth*, 68 Va. App. 72, 78 (2017) (quoting *Moten v. Commonwealth*, 7 Va. App. 438, 441 (1988)).

The statute, however, excuses delay that comes

> [b]y continuance granted on the motion of the accused *or his counsel*[] . . . or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth.

Code § 19.2-243(4) (emphasis added).

- 6 -

The Commonwealth carries the burden of showing the statute excuses a delay. *Wallace v. Commonwealth*, 65 Va. App. 80, 88 (2015). And before this Court, "[p]roper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record.'" *Brown v. Commonwealth*, 57 Va. App. 381, 389-90 (2010) (quoting *Baity v. Commonwealth*, 16 Va. App. 497, 503 (1993) (*en banc*)). "In its review, this Court will give deference to the trial court's findings of fact[] but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" *Id.* at 390 (quoting *Sink v. Commonwealth*, 28 Va. App. 655, 658 (1998)).

The trial court's speedy trial calculation made at the October 3 hearing was correct. The speedy trial clock began ticking on February 25, 2019. Eleven days of the speedy trial period ran before the hearing on March 8.

During that hearing, appellant's counsel agreed to a trial date of September 4. As the trial court held, that agreement stopped the clock. Under *Commonwealth v. Hutchins*, 260 Va. 293, 297-98 (2000), as here, when a defendant's counsel agrees to an initial trial date outside the speedy trial deadline, that acquiescence acts as a "continuance" and tolls the speedy trial period. Thus, appellant's counsel's agreement on March 8 to set a September 4 trial date tolled the statutory speedy trial period until September 4. Accordingly, by September 4, 2019, only eleven days of the time limit had run, leaving 141 and a fraction days. Assuming without deciding, to appellant's benefit, that the clock did not stop any time after that, the earliest possible speedy trial deadline would have been January 23, 2020—over two weeks after appellant's trial on January 8.

Moreover, on August 30, 2019, the trial court granted the motion to appoint new counsel and—*sua sponte*—continued the case to September 13. Appellant did not object to this *sua sponte* continuance by the trial court, so it, too, stopped the clock from running. *See Howard v.*

*Commonwealth*, 281 Va. 455, 461 (2011) (holding that a defendant's failure to object to a *sua sponte* continuance "result[s] in tolling the five-month time period for that [continued] period"). Therefore, given the March 8 agreement and the August 30 continuance, if one assumes the clock ran continuously after the September 13 hearing, the new speedy trial deadline would fall well after appellant's January 8 trial.

Accordingly, no matter which way appellant slices it, his counsel's acquiescence on March 8 to the September 4 trial date pushed his speedy trial deadline beyond his actual January 8, 2020 trial date. Therefore, the deadline of the speedy trial statute was not exceeded.[4]

### B. Sufficiency of the Evidence

In addressing appellant's assignment of error alleging insufficient evidence to prove intent to assault, this Court asks "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). This Court must therefore affirm the conviction "unless it is plainly wrong or without evidence to support it." *Smith*, 296 Va. at 460 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)).

"One cannot be convicted of assault and battery without an intention to do bodily harm—either an actual intention or an intention imputed by law." *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000) (quoting *Davis v. Commonwealth*, 150 Va. 611, 617 (1928)). "The unlawful intent may be imputed if the touching is 'done in a rude, insolent, or angry manner.'" *Parish v. Commonwealth*, 56 Va. App. 324, 331 (2010) (internal quotation marks omitted) (quoting *Adams*, 33 Va. App. at 469).

---

[4] Because this conclusion necessarily means the trial court did not violate appellant's speedy trial rights with its November 25, 2019 continuance, this Court does not address appellant's argument any further.

A factfinder may "gather[] [intent] from the conduct of the aggressor, viewed in the light of the attending circumstances," and "may infer that the assailant 'intends the natural and probable consequences of his acts.'" *Id.* (internal quotation marks omitted) (first quoting *Wood v. Commonwealth*, 149 Va. 401, 405 (1927); and then quoting *Adams*, 33 Va. App. at 471).

When appellant kicked the door as the officers stood on the other side, the door striking the officer was a "natural and probable consequence of his act[ions]." *Id.* (quoting *Adams*, 33 Va. App. at 471). A factfinder could infer, then, that he intended the door to strike the officer. Moreover, appellant's continuous kicking of the door and screaming in the back seat of the car—after the officers' repeated requests that he stop—show the strike from the door was "done in a rude, insolent, or angry manner." *Id.* Accordingly, a reasonable factfinder could, at the least, infer his acts carried an imputed intent by law to assault the officer.

## III.  CONCLUSION

Because appellant's trial occurred before the statutory speedy trial period elapsed, and because a rational factfinder could infer actual or imputed intent from his actions, this Court affirms his convictions.

*Affirmed.*