**Richmond**

JEROME EVERETTE TAYLOR, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0147-90-2

Decided April 30, 1991

COUNSEL

Lee Randolph Harrison, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLE, J.**—The appellant, Jerome Everette Taylor, Jr., was convicted of two counts of malicious wounding and one count of second degree murder. On appeal, the sole issue is whether Taylor was tried within the time prescribed in Code § 19.2-243. We find that he was not granted a speedy trial under the statute and reverse.

In order to facilitate an understanding of the facts, the following table establishes in chronological order the important events of the case:

*January 1, 1989* — Defendant killed one victim and wounded two others.

*January 9, 1989* — Defendant arrested.

*March 10, 1989* — Preliminary hearing in district court. Charges certified to circuit court.

*April 6, 1989* — Letter from defense counsel to prosecutor stated defendant intended to plead not guilty, that charges could be tried together, and giving an "avoid" date of June 5, 1989.

*April 11, 1989* — Defendant indicted in circuit court.

*May 9, 1989* — Judge ordered emergency psychiatric treatment for defendant at Central State Hospital.

*May 16, 1989* — Defendant returned to jail competent to stand trial.

*June 1, 1989* — Defense filed *Brady* and discovery motions.

*June 7, 1989* — Defense informed circuit court clerk that he could not be at docket call of June 13, 1989, that defendant intended to plead not guilty, and case should be set for jury. Defense counsel listed "avoid" dates for June through October 26, 1989.

*June 13, 1989* — Trial set for September 8, 1989.

*June 20, 1989* — Defense counsel acknowledged defendant's trial set for September 8, 1989, and reiterated request for jury.

*August 10, 1989* — Defendant claimed that from time of preliminary hearing to August 10, 1989, is five months if no delays attributable to defendant.

*August 14, 1989* — Defendant filed motion to dismiss claiming speedy trial deadline had expired.

*August 29, 1989* — Hearing on speedy trial motion — denied.

*September 8, 1989* — Trial originally set for this date, but defendant asked for and received continuance to November 6, 1989.

*November 6, 1989* — Defendant tried and convicted.

*January 9, 1990* — Defendant sentenced.

 Code § 19.2-243 provides that an incarcerated accused held continuously in custody shall be brought to trial within five months after a general district court finds probable cause to believe that the defendant has committed a crime. The Commonwealth has legislatively defined the duty to provide an accused a speedy trial, "and an accused may stand mute without waiving his

rights so long as his actions do not constitute a concurrency in or necessitate a delay of the trial." *Moten v. Commonwealth*, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). Thus, when a defendant has shown that he or she has not been brought to trial within the statutory period, the Commonwealth has the burden to satisfactorily explain the delay or the prosecution will be dismissed. *Godfrey v. Commonwealth*, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). Any period of delay in bringing the defendant to trial, however, which is attributable to the defendant will not be counted in determining whether the Commonwealth complied with the statutory speedy trial mandate. *O'Dell v. Commonwealth*, 234 Va. 672, 681, 364 S.E.2d 491, 496, *cert. denied*, 488 U.S. 871 (1988).

 Code § 19.2-243 enumerates reasons for a delay which will be attributable to the defendant. "The enumerated exceptions are not all-inclusive; others of a similar nature may be implied. . . . The exceptions, both express and implied, often look to the defendant's actions which tend to delay the trial." *Cantwell v. Commonwealth*, 2 Va. App. 606, 610, 347 S.E.2d 523, 525 (1986). There are five exceptions, two of which were relied upon by the Commonwealth at the speedy trial hearing. Code § 19.2-243 provides, in pertinent part:

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
>
> (1) By his insanity or by reason of his confinement in a hospital for care and observation;
>
> * * *
>
> (4) By continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth.

The Commonwealth contends that the time from May 9, 1989, until May 16, 1989, should be attributed to the defendant because he was hospitalized. However, the first exception is not applicable because the defendant was hospitalized and released before any trial dates were set. No delay in the trial was caused by the defendant's emergency hospitalization for treatment. Therefore, it cannot be charged to the defendant.

The Commonwealth further contends that the defendant concurred in the setting of the trial date on September 8, 1989. Defense counsel by letter dated June 7, 1989, informed the court that he could not be present at the criminal docket call on June 13, 1989, stated that the defendant would plead not guilty and wanted a jury trial, and listed his "avoid dates" for June through October 26, 1989. By letter dated June 20, 1989, defense counsel acknowledged that Taylor's case was set for trial on September 8, 1989, at 10:00 a.m. He specifically again asked for a jury trial. The Commonwealth argues that this conduct amounts to a concurrence and led the trial court and the Commonwealth reasonably to conclude that the defendant was acquiescing in a trial date beyond the five month period. It argues that, since the defendant concurred in the setting of the trial date, he cannot be heard to complain. We disagree.

█ In assessing responsibility for delay in trying a defendant, we must review the record as it appears before us. Ideally, court orders should specify the reasons for continuances or failure to try the defendant within the statutory time limit and state the positions of the parties with regard to that order. Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in the delay of his trial, or instituted a proceeding which of necessity brought about a delay in his trial, the delay must be attributed to the Commonwealth. *Godfrey*, 227 Va. at 464, 317 S.E.2d at 783; *see also Walker v. Commonwealth*, 225 Va. 5, 11-12, 301 S.E.2d 28, 31 (1983). We said in *Corey v. Commonwealth*, 8 Va. App. 281, 285, 381 S.E.2d 19, 21 (1989), that a "concurrence" is "a meeting or coming together; agreement or union in action; meeting of minds; union and design; consent." The duty to act affirmatively in bringing about a speedy trial rests with the Commonwealth and the accused may stand mute without waiving his right so long as his actions do not constitute a concurrence in or necessitate the delay. *Godfrey*, 227 Va. at 463, 317 S.E.2d at 782.

The letters written by the defense attorney do not constitute a concurrence in setting the case for trial past the five month period and the attorney's action did not necessitate the delay. The Commonwealth, without any hindrance or delay from the defendant, could have fixed the trial date at its convenience within the five month period. It voluntarily chose to set the trial date after the

five month period had expired. We conclude that Code § 19.2-243 bars the prosecution of the defendant.

For these reasons, the judgments of conviction in these cases are reversed.

*Reversed.*

Barrow, J., and Willis, J., concurred.