**Richmond**

MARK W. NORTON, s/k/a

MARK WAYNE NORTON

v.

COMMONWEALTH OF VIRGINIA

No. 0952-93-2

Decided September 27, 1994

COUNSEL

L. Willis Robertson, Jr. (Cosby & Robertson, on brief), for appellant

Marla Lynn Graff, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Mark W. Norton appeals his December 14, 1992, convictions for statutory burglary and grand larceny. He contends that the trial court erred in finding that his statutory right to a speedy trial was not violated.[1] For the reasons that follow, we reverse appellant's convictions.

## I.

Appellant was arrested on April 26, 1992, and charged with seven counts of statutory burglary, one count of possession of burglary tools, two counts of grand larceny, and one count of petit larceny. These charges involved seven different businesses which were burglarized over the course of a month. At his preliminary hearing on June 9, 1992, the general district court found probable cause. On July 21, 1992, appellant was indicted, and trial was set for August 18, 1992. On August 18, counsel for appellant notified the court that plea negotiations had broken down and that appellant wanted to be tried by a jury on all charges. The record contains nothing to indicate that appellant had waived his right to trial by jury prior to that time. The prosecutor offered to try all offenses on the "same day with the same jury," but appellant declined. The first available trial date agreeable with the Commonwealth was October 26, 1992.

---

[1] In his speedy trial motion of December 4, 1992, appellant alleged that the delay in his trial violated both his statutory and constitutional rights. In his petition for appeal, however, appellant addresses only the statutory issue and is deemed to have waived his right to attack the delay on constitutional grounds.

On October 27, 1992, appellant was convicted on two of the felony charges, and a second trial for two of the remaining charges was set for December 14, 1992. On December 4, 1992, appellant moved to dismiss the remaining charges on the ground that they had not been tried within the time limit set forth in the speedy trial statute. Appellant was continuously in custody from the time of his arrest. On December 14, 1992, after hearing argument, the trial court denied the motion and proceeded to trial on two indictments.

## II.

Under Code § 19.2-243, "an incarcerated accused held continuously in custody shall be brought to trial within five months after a general district court finds probable cause to believe that the defendant has committed a crime." *Shearer v. Commonwealth*, 9 Va. App. 394, 399, 388 S.E.2d 828, 830 (1990). The running of this statute may be tolled for several different reasons, including the granting of a motion for a continuance made by the accused or his concurrence in such a motion made by the Commonwealth. Code § 19.2-243(4). Included also is a delay caused by "the granting of a separate trial at the request of a person indicted jointly with others for a felony." Code § 19.2-243(3). These "enumerated exceptions are not all-inclusive; others of a similar nature may be implied." *Cantwell v. Commonwealth*, 2 Va. App. 606, 610, 347 S.E.2d 523, 525 (1986). The burden is on the Commonwealth to prove that the delay in trying appellant was excusable, based either on one of the reasons enumerated in the statute or on appellant's waiver, actual or implied, of his right to be tried within the designated period. *See Godfrey v. Commonwealth*, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984); *Rose v. Commonwealth*, 189 Va. 771, 774, 55 S.E.2d 33, 34 (1949).

Appellant concedes that his first trial, held on October 27, 1992, fell within the five month limitation established by Code § 19.2-243, but argues that his trial of December 14, 1992, violated that statute. We agree that any delays necessitated by appellant's assertion in this case of his right to be tried by a jury did not toll the running of the statute. As this Court held in *Wright v. Commonwealth*, 4 Va. App. 303, 306, 357 S.E.2d 547, 549 (1987), "there must be a showing of some deliberate action by the accused indicating his election to forego his right to a jury trial. . . . The record must indicate that [the waiver was] know-

ing, intelligent and voluntary," and if it fails to do so, no waiver may be implied. *Id.*; *see* Rule 3A:13(b). For this reason, the appearance of counsel for the accused to set a matter for a trial is insufficient to show waiver.

Under this standard, the record in this case provides no indication that appellant waived his right to trial by jury before specifically asserting it on August 18, 1992.

> Under the scheme mandated by our constitution and augmented by statute and the Rules of the Supreme Court, circuit courts must assume that trial will be by jury unless and until the accused knowingly and intelligently waives that right. . . . Unless the circuit courts are willing to accept delay and the inconvenience of rescheduling, they should not transfer to the attorney for the Commonwealth or to defense counsel the sole responsibility to timely determine the need for a jury.

*Wright*, 4 Va. App. at 309, 357 S.E.2d at 551.

The Commonwealth concedes that appellant never waived his right to be tried by a jury, but argues that the critical portion of the delay in this case is attributable to appellant's request for separate jury trials, which constituted either an implicit request for a continuance or a concurrence in the continuance necessitated by his request. It was not specifically appellant's request for trial by jury that necessitated the delay, argues the Commonwealth, for it was easily able to provide him with one jury trial within the limits of Code § 19.2-243; rather it was appellant's request that the offenses be tried separately which necessitated the delay.

We hold that appellant's request, on August 18, 1992, for seven separate jury trials did not constitute a waiver of his speedy trial rights under Code § 19.2-243, and that the Commonwealth's failure to try appellant on the charges at issue within five months of his preliminary hearing resulted in a violation of that statute.

Our holdings in *Cantwell* and *Adkins v. Commonwealth*, 13 Va. App. 519, 414 S.E.2d 188 (1992), are instructive. In *Cantwell*, appellant filed several motions, including a complicated and lengthy motion to suppress accompanied by supporting and opposing memoranda, two weeks before trial. 2 Va. App. at 612,

347 S.E.2d at 526. This Court concluded "from the record that the motions filed by appellant were responsible for the court-ordered continuance from March 21 to May 1, and that given the nature and complexity of the motion to suppress and the numerous issues which it raised, the time taken by the trial judge to consider and decide the motion was not unreasonable." *Id.* at 613, 347 S.E.2d at 526-27. The Court acknowledged that a defendant's filing of non-frivolous motions will not always justify a delay beyond the time specified in Code § 19.2-243, but it held that applying the statute to bar Cantwell's convictions under those facts would unfairly "allow [him] to take advantage of the delay which was necessitated by his own action." *Id.* at 613, 347 S.E.2d at 527.

In *Adkins*, which involved a motion to suppress made orally and unaccompanied by written memoranda, we clarified this issue. 13 Va. App. at 523, 414 S.E.2d at 190. In holding the facts in *Adkins* did not necessitate a fifty day delay, this Court noted that Code § 19.2-243 contemplated that routine and customary motions will be raised and disposed of within the time provided and that the holding in *Cantwell* applies only in unique circumstances in which an unusual delay is supported by the record. 13 Va. App. at 523, 414 S.E.2d at 190.

We now hold that the facts in this case, like those in *Adkins*, did not necessitate a delay. At no time did appellant waive his right to trial by jury, and on August 18, 1992, almost three full months before the expiration of the speedy trial statute, the Commonwealth learned that appellant desired separate jury trials for each of the seven incidents. Despite this knowledge, the trial court set a trial date for one incident which involved two related offenses. In contrast to *Cantwell*, the record in this case contains nothing to show that any unique circumstances justified the delay. In fact, the record supports the opposite conclusion because the trial for the convictions rendered on October 27, 1992, lasted no more than one day, and the trial for the convictions that are the subject of this appeal lasted less than three-and-a-half hours. We conclude, therefore, that the convictions at issue in this case were rendered in violation of the speedy trial statute and that the trial court erred in denying appellant's motion to dismiss.

For these reasons, we reverse appellant's convictions and dismiss the charges.

*Reversed and dismissed.*

Benton, J., and Willis, J., concurred.