Tuesday          16th
December, 1997.


Gerald E. Baker, Jr.,                                    Appellant,

 against          Record No. 1417-96-2
                  Circuit Court Nos. 489-95 and 28-96

Commonwealth of Virginia,                                Appellee.


On Rehearing En Banc

Before Chief Judge Fitzpatrick,* Judges Baker, Benton,
     Coleman, Willis, Elder, Annunziata and Overton

Russell E. Allen for appellant.

Leah A. Darron, Assistant Attorney General
(Richard Cullen, Attorney General, on brief), for
appellee.


On June 17, 1997, a panel of this Court issued an opinion reversing the appellant's convictions for two counts of burglary and for one count of grand larceny (Circuit Court No. 489-95). Baker v. Commonwealth, 25 Va. App. 19, 486 S.E.2d 111 (1997). A dissenting opinion was filed to the panel decision. Pursuant to Code § 17-116.02(D), the Court of Appeals granted a rehearing en banc and stayed the mandate of the Court. Upon rehearing en banc, the Court of Appeals, with no judges dissenting, reverses and dismisses those convictions of Gerald E. Baker, Jr. for the reasons stated in the majority panel opinion at 25 Va. App. 19, 486 S.E.2d 111.

Accordingly, the stay of this Court's June 17, 1997 mandate is lifted, the said convictions are reversed, and those indictments

are dismissed.

The trial court shall allow court-appointed counsel for the appellant an additional fee of $200 for services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and necessary direct out-of-pocket.

This order shall be published and certified to the trial court.

_____

   *On November 19, 1997, Judge Fitzpatrick succeeded Judge Moon as Chief Judge.

A Copy,

   Teste:

      Cynthia L. McCoy, Clerk

   By:

   Deputy Clerk

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


GERALD E. BAKER, JR.

                                        OPINION BY
v.        Record No. 1417-96-2      JUDGE SAM W. COLEMAN III
                                        JUNE 17, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Richard H. C. Taylor, Judge

Russell E. Allen for appellant.

Leah A. Darron, Assistant Attorney General (James
S. Gilmore, III, Attorney General, on brief), for
appellee.


This criminal appeal arises from a denial of the defendant's motion to dismiss three indictments against him for failure to provide a speedy trial as required by Code § 19.2-243. We hold that the defendant did not waive the right to a speedy trial when his counsel, after objecting to a continuance granted on the Commonwealth's motion, provided an available trial date that he knew to be beyond the statutory five month speedy trial period. Thus, we reverse the defendant's convictions.

The defendant, Gerald Baker, was arrested and charged with two counts of burglary and with grand larceny. At the preliminary hearing on September 20, 1995, the district court found probable cause and certified the charges to a grand jury, which returned indictments on all three charges on November 21, 1995. The defendant was

continuously incarcerated from the time of his arrest until the trial.

On November 21, 1995, the Commonwealth's attorney, Baker's attorney, and attorneys for the two codefendants appeared to set the case for trial. The defendants and the Commonwealth waived trial by jury, and the prosecutor requested that the cases be joined for trial. The trial judge, after discussing possible trial dates with counsel, set the cases for trial without a jury for January 2, 1996.

On January 2, 1996, the defendants and counsel appeared for trial, at which time the Commonwealth's attorney moved for a continuance until after January 16, 1996, the next term day. He requested the continuance in order to indict the defendants for additional offenses. Baker's counsel objected to the continuance, as did the codefendants' counsel. The trial judge granted the continuance and then requested available trial dates. Baker's attorney said, "I believe the date we worked out, Your Honor, and correct me if I'm wrong, gentlemen, is February the 28th, for the three of us [defense counsel]." Because the judge could not hear the case on February 28, he set the trial for February 26, 1996, with agreement of the prosecutor and all defense counsel.

On February 22, 1996, the defendant moved to dismiss the charges for failing to commence trial within five months from the finding of probable cause as required by Code § 19.2-243. On February 26, the trial date, the Commonwealth's attorney asked for another continuance in order to obtain transcripts of the previous hearings. All parties agreed and the trial was rescheduled for March 26, 1996.

On March 26, the trial judge denied the motions to dismiss, stating:

> It's the Court's opinion that when you take the statute and interpret it in accordance with the constitutional grounds, I find that when everybody agreed to a date in February, that that was a point at which the right to speedy trial was waived by the defendants, and the fact that there was an objection to a continuance and then we backed up and started again, I don't know that that affects it.

The defendant was found guilty on all three charges. He then renewed the motion to dismiss based on violation of his statutory right to a speedy trial, which the trial court overruled.

Code § 19.2-243 provides that an accused, if held continuously in custody from the time when probable cause is determined by the district court, "shall be forever discharged from prosecution" if trial is not commenced within five months from the date probable cause was found. However, this provision does not apply to delays caused by:

> continuance[s] granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

Code § 19.2-243(4).

When a defendant asserts that his statutory right to a speedy trial has been violated, the burden is on the Commonwealth to explain the delay. Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). The Commonwealth must prove that the delay was based on

- 6 -

"one of the reasons enumerated in [Code § 19.2-243] or on appellant's waiver, actual or implied, of his right to be tried within the designated period." Norton v. Commonwealth, 19 Va. App. 97, 99, 448 S.E.2d 892, 893 (1994).

It is well settled that the Commonwealth has the affirmative duty to try an accused within the time periods specified in Code § 19.2-243. The accused has no duty to request that a trial date be set within the prescribed period in order to preserve his or her statutory right to a speedy trial. Baity v. Commonwealth, 16 Va. App. 497, 501, 431 S.E.2d 891, 893 (1993); Cantwell v. Commonwealth, 2 Va. App. 606, 611, 347 S.E.2d 523, 525 (1986). An accused may "'stand mute without waiving his rights so long as his actions [do] not constitute a concurrence in or necessitate a delay of the trial.'" Baity, 16 Va. App. at 501, 431 S.E.2d at 891 (quoting Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988)). "A defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period." Godfrey, 227 Va. at 463, 317 S.E.2d at 782.

The Commonwealth had until February 22, 1996, to begin the trial. The continuance granted on January 2, 1996, was at the Commonwealth's attorney's request and was objected to by defense counsel. Only after the trial judge granted the Commonwealth's continuance did defense counsel suggest February 28 as an available date. Nevertheless, the judge set February 26 as the trial date with the agreement of defense counsel and the Commonwealth's attorney. We

hold that by supplying the court with available trial dates, the defendant did not concur in the Commonwealth's attorney's request for a continuance, nor did he waive his right to a speedy trial.

The Commonwealth contends that defense counsel waived his client's statutory right to a speedy trial by knowingly suggesting a trial date beyond the five month period. The Commonwealth argues that by agreeing to the trial date the defendant cannot be heard to complain that his right to a speedy trial was violated. See Manns v. Commonwealth, 13 Va. App. 677, 679, 414 S.E.2d 613, 615 (1992) ("The defendant, having agreed upon action taken by the trial court, should not be allowed to assume an inconsistent position."). At oral argument, Baker's counsel acknowledged that the defendants knew the available date was beyond the five month speedy trial period.

It is the responsibility of the trial court, not the prosecutor or the accused, to control the court's docket and schedule criminal cases for trial. See Baity, 16 Va. App. at 501, 431 S.E.2d at 893; Williams v. Commonwealth, 2 Va. App. 566, 569, 347 S.E.2d 146, 148 (1986). The fact that defense counsel knew that the available trial date was beyond the five month period is of no consequence. Although in setting its docket the trial court should consider counsel's available dates and whether the date selected is convenient for counsel, absent defendant's request for a continuance or concurrence in the Commonwealth's request or waiver of the right to a speedy trial, the trial judge has the responsibility to commence the trial within the statutorily specified time regardless of whether the date

is convenient for counsel.  Moreover, in this case, the trial court did not set trial on the original convenient date suggested by counsel.  The Commonwealth has the duty, absent an exception set forth in the statute, to provide the accused a speedy trial.

Providing available dates and agreeing to a trial date that is outside the statutory period are not actions constituting a waiver of the statutory speedy trial requirement.  See Taylor v. Commonwealth, 12 Va. App. 425, 429-30, 404 S.E.2d 86, 88 (1991).  In Taylor, defense counsel wrote a letter to the trial court stating that he could not be present at docket call on June 13, 1989, but informed the court that the defendant pleaded not guilty and requested a trial by jury.  The letter also included the attorney's "avoid dates" from June through October.  Id. at 429, 404 S.E.2d at 88.  By letter dated June 20, 1989, defense counsel acknowledged that the defendant's case was set for trial on September 8, 1989.  Id.  This Court held that the attorney's letters did not constitute a concurrence in setting the trial outside the five month period.  Id.  We stated, "[t]he Commonwealth, without any hindrance or delay from the defendant, could have fixed the trial date at its convenience within the five month period."

Here, Baker's counsel did not consent to the Commonwealth's request for a continuance; instead, he expressly objected to it. Waiver involves an "intentional relinquishment or abandonment of a known right or privilege."  Johnson v. Zerbst, 304 U.S. 458, 464 (1938); see Stanley's Cafeteria, Inc. v. Abramson, 226 Va. 68, 74, 306

S.E.2d 870, 873 (1983); <u>Peterson v. Commonwealth</u>, 5 Va. App. 389, 396, 363 S.E.2d 440, 444 (1987).  With respect to fundamental constitutional rights, "courts indulge every reasonable presumption against waiver."  <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393 (1937).  By providing the court with available dates beyond the statutory period after the court overruled counsel's objection to the continuance, defense counsel did not waive the defendant's statutory right to a speedy trial.   Accordingly, we reverse the defendant's convictions and dismiss the case.

<u>Reversed and dismissed</u>.

Moon, C.J., dissenting.

I respectfully dissent because I believe that counsel's suggestion of a date beyond the five month period in which the trial should have been commenced was tantamount to "concurrence of the accused or his counsel" in a motion by the Commonwealth to continue the case. The court announced that it would grant the Commonwealth's motion. Counsel was aware of the date by which the case should have commenced. Even though defense counsel objected to a continuance, he then knowingly suggested that trial be set beyond the critical date. This in my opinion was an implied waiver of his client's right to be tried within the five month period. See Norton v. Commonwealth, 19 Va. App. 97, 99, 448 S.E.2d 892, 893 (1994) (recognizing that a defendant may impliedly waive his right to be tried within the statutory period).

Although we have held that the accused has no duty to request that a trial date be set within the prescribed period in order to preserve his or her statutory right to a speedy trial, Baity v. Commonwealth, 16 Va. App. 497, 501, 431 S.E.2d 891, 893 (1993), and that an accused may "stand mute without waiving his rights so long as his actions [do] not constitute a concurrence in or necessitate a delay of the trial," id., we have not held that counsel may knowingly propose a date that violates his client's speedy trial right and then benefit because his client's right has been violated. When counsel knowingly led the trial court into selecting a date beyond the statutory period, I believe that was tantamount to concurring in a

- 11 -

continuance beyond the statutory period.  Accordingly, I would affirm.