# CIRCUIT COURT OF WARREN COUNTY

Patricia L. Putnam

v.

City of Winchester

## October 22, 1998

## Case No. (Law) 98-18

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Plaintiff's Petition for a writ of mandamus to compel the city to reveal information in her application file for employment with the city police department which the city maintains is the subject of a written waiver signed by the plaintiff. Upon consideration of the argument and memoranda of the parties, the Court will deny the petition for a writ of mandamus for the following reasons.

### I. *Statement of Material Facts*

The following facts are not in dispute in this case.

The plaintiff applied to become a police officer in the City of Winchester, but she was not hired. Incident to her application for employment, the plaintiff signed a written Authorization for Release of Information, dated September 30, 1997, which provides, among other things, that:

I hereby waive all rights to view or have access to any information given to the Winchester Police Department as part of the employment investigation.

The Plaintiff filed a Freedom of Information request, and, in response to that request, the City provided the Plaintiff with the following: "city application, supplemental application and written/obstacle test scores." Relying on the written waiver the City further responded that:

The City refuses to release any other information to you. As part of your application, you signed an Authorization for Release of Information. In that document you waived any right to view or have access to any information compiled as a part of your employment investigation.

The Plaintiff maintains that the City's failure to comply with Virginia Code § 2.1-382(A) vitiates the written waiver and that she is entitled to further information in her application file.

## II. *Conclusions of Law*

Virginia Code § 2.1-382(A) provides:

Any agency maintaining personal information shall: inform an individual who is asked to supply personal information about himself whether he is legally required, or may refuse, to supply the information requested, and also of the specific consequences which are known to the agency of providing or not providing such information.

This section does not apply to this case because the information which the plaintiff was asked to supply *about himself* has been disclosed to the plaintiff by the City when the Freedom of Information Request was initially made by the plaintiff.

"Waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege" *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938); *accord Stanley's Cafeteria v. Abramson,* 226 Va. 68, 74, 306 S.E.2d 870, 873 (1983); *Peterson v. Commonwealth,* 5 Va. App. 389, 396, 363 S.E.2d 440, 444 (1987). Statutory rights are frequently waived. *See, e.g. Godfrey v. Commonwealth,* 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984) (waiver of statutory right to speedy trial); *Norton v. Commonwealth,* 19 Va. App. 97, 448 S.E.2d 892 (1994) (waiver of statutory right to independent blood test in DWI case); and *Williams v. Clinchfield Coal Co.,* 213 Va. 445, 192 S.E.2d 751 (1972) (waiver of workers' compensation benefits).

No talismanic form is required to waive statutory rights under the Freedom of Information Act, and the September 30, 1997, Authorization for Release of Information is a valid waiver of the Plaintiff's rights under the Freedom of Information Act to see any additional contents of her employment application

file. Accordingly, the Plaintiff is not entitled to any further information from the City pursuant to her Freedom of Information Request.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Petition for a Writ of Mandamus is denied, and this case is dismissed, with prejudice.