COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Alston and Senior Judge Haley
Argued by teleconference


ARCHIE LAVANCE SIMMONS

v.       Record No. 1078-15-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
DECEMBER 13, 2016


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge Designate[1]

Christopher M. Bradshaw (Bradshaw & O'Connor, P.C., on briefs),
for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Archie Lavance Simmons ("appellant") was indicted for and convicted of distributing

heroin, third or subsequent offense, in violation of Code § 18.2-248.  This appeal arises from the

circuit court's denial of appellant's motion to dismiss the indictment against appellant.  On appeal,

appellant argues that his statutory right to a speedy trial pursuant to Code § 19.2-243 was violated

and that the circuit court erred in failing to dismiss the indictment against him.

I. BACKGROUND

On August 8, 2014, appellant was served with a capias after being directly indicted for an

alleged violation of Code § 18.2-248.  Appellant was held in custody until trial.  On August 28,

2014, counsel and the circuit court scheduled appellant's case for a jury trial to take place on

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Richard D. Taylor, Jr. initially presided over the case against appellant and presided at the motion to join the two defendants together for a joint trial.  Judge Spencer presided at the November 12, 2014 hearing and over the joint trial.

November 7, 2014.  On October 8, 2014, the Commonwealth filed a motion for joinder so that appellant and his co-defendant, Saunders Lockley, would be tried together.  Judge Richard D. Taylor, Jr. presided over the joinder hearing on October 31, 2014.  Judge Taylor granted the motion for joinder and continued the case over defense counsel's objection to "any continuance with Mr. Simmons' case."  In a written order memorializing the October 31, 2014 hearing, Judge Taylor continued the trial to December 9, 2014, noting appellant's objection.

However, on November 12, 2014 – before the December 9, 2014 trial date – all parties appeared before a different judge, Judge Margaret P. Spencer, for a pretrial hearing.[2]  After some discussion among counsel and the court, Judge Spencer ultimately set a new date for a one-day jury trial on February 10, 2015.  The trial judge offered the parties several dates, one of which was February 10, 2015.  Mr. Bradshaw, appellant's counsel, said that he was available February 10, 2015.  As Judge Spencer recorded that date, Mr. Bradshaw said, "We may run into speedy trial issues on that date, Judge."  Judge Spencer said, "Well, I have earlier dates.  December 8th."  Mr. Bradshaw responded, "I'm available that day."  The prosecutor noted that he was available as well.  As Judge Spencer began to set the date, Mr. McCall, counsel for the co-defendant, said, "I'm not available that day, Judge."  The parties went through a back-and-forth discussion as to each person's availability with regard to several other dates.  Ultimately, the attorneys and the court ended up discussing the February 10th date again, and Judge Spencer said, "The Commonwealth is available February 10th.  Are there any speedy trial issues, just file a motion.  This matter will be set – Oh, I'm sorry.  Are both defendants available February 10th."  Both attorneys noted that they were available, and neither made an objection to continuing this case nor did they say anything more about speedy trial issues at that time.  At the conclusion of the

---

[2] Counsel proffered that appellant's case was transferred from Judge Taylor to Judge Spencer (who had the co-defendant on her docket) once the circuit court consolidated the co-defendants' cases.

hearing Judge Spencer said, "Is there anything else to bring to the Court's attention that would impact the date?" Appellant's counsel did not respond. On December 19, 2014, Judge Spencer issued a written "Pre-Trial Order" memorializing the November 12 hearing and detailing the events surrounding the upcoming February 10, 2015 jury trial. Judge Spencer indicated in the order, "For reasons satisfactory to the Court . . . and the defendant, on November 12, 2014, it is hereby ordered that: . . . Counsel must notify the Court . . . on or before January 2, 2015, if this matter is still going forward as a 1-day jury trial, currently scheduled for February 10, 2015 at 9:30 a.m." No party objected to the written order.

On January 20, 2015, Mr. Bradshaw filed a motion to dismiss the indictment against appellant, arguing that the time in which to try appellant pursuant to Code § 19.2-243 had elapsed.

On February 6, 2015, Judge Joi Taylor held a hearing on appellant's motion to dismiss. The trial court denied the motion, finding that "there was concurrency by counsel to the agreed date to be set for trial." Appellant proceeded to a jury trial on February 10, 2015 and ultimately was convicted of possession of heroin, third or subsequent offense.

II. ANALYSIS

A. Standard of Review

"If the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay." Howard v. Commonwealth, 55 Va. App. 417, 423, 686 S.E.2d 537, 540 (2009). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Wallace v. Commonwealth, 65 Va. App. 80, 88, 774 S.E.2d 482, 486 (2015) (quoting Brown v. Commonwealth, 57 Va. App. 381, 389-90, 702 S.E.2d 582, 586 (2010)). "In its review, this Court will give deference to the trial court's

- 3 -

findings of fact, but review the trial court's 'statutory interpretations and legal conclusions de novo.'" Id. (quoting Turner v. Commonwealth, 63 Va. App. 401, 407, 758 S.E.2d 81, 84 (2014)).

## B. Speedy Trial Rights

Appellant argues that his statutory speedy trial rights were violated when his trial was held on February 10, 2015. Appellant's statutory right to a speedy trial is governed by Code § 19.2-243,[3] the speedy trial statute, which provides that if a defendant accused of a felony is continuously held in custody from the time he is arrested and if there is no preliminary hearing, he must be tried within five months of the date that the capias was served to arrest him. "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Balance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). Applying that provision to this case, appellant's trial must have

---

[3] The general provisions of Code § 19.2-243 are as follows:

Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; . . .

If there was no preliminary hearing in the district court, . . . the commencement of the running of the five . . . month[] period[] . . . set forth in this section, shall be from the date an indictment or presentment is found against the accused.

If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five . . . month[] period[] . . . shall commence to run from the date of his arrest thereon.
. . . .

For the purposes of this section, an arrest on an indictment or warrant or information or presentment is deemed to have occurred only when such indictment, warrant, information, or presentment or the summons or capias to answer such process is served or executed upon the accused . . . .

commenced no later than January 8, 2015, which is five months, or 152 and a fraction days, from the date he was served with the capias – August 8, 2014.

Despite this requirement, the provisions of the speedy trial statute can be tolled under certain circumstances.

As the Supreme Court of Virginia has noted:

> Circumstances will arise, however, that require and justify delay in the prosecution of a defendant. Paragraph 4 of Code § 19.2-243 balances the interests of a defendant to be tried in a timely manner with such circumstances. These provisions are generally referred to as the tolling provisions. As relevant here, paragraph 4 provides that calculation of the time period for commencing the trial will be tolled for time attributed to a continuance granted on a motion made by the defendant or his counsel, or time attributed to a continuance granted on a motion made by the Commonwealth in which the defendant or his counsel concurred or did not make a timely objection.

Howard v. Commonwealth, 281 Va. 455, 459-60, 706 S.E.2d 885, 887 (2011).[4] Thus, if this Court determines that appellant concurred in or did not object to the continuance from December 9, 2014 (the trial date set by Judge Taylor) to February 10, 2015 (the new trial date set by Judge Spencer), the five-month statutory speedy trial time period would be tolled for 63 days. Therefore, instead of having to commence trial by January 8, 2015, appellant's trial would have had to have begun by March 12, 2015.

---

[4] The tolling provision of Code § 19.2-243 that is relevant to this appeal states:

> The provisions of this section *shall not apply* to such period of time as the failure to try the accused was caused:
> . . . .
>
> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance; . . . .

### C.  Court-Initiated Continuance

Appellant argues that he was not required to object to the continuance because the court – not by the Commonwealth's or a defendant's motion – continued the case.  However, in Howard, 281 Va. 455, 706 S.E.2d 885, the Supreme Court makes clear that even "a court-initiated continuance" is subject to the same requirement that a defendant object to any continuance in which the defendant does not concur.  Id. at 461, 706 S.E.2d at 888.

> Because a continuance entered by the court sua sponte has the
> same effect as a continuance entered at the request of the defendant
> or the Commonwealth, we conclude that a court-initiated
> continuance is of "a similar nature" and therefore is subject to the
> same requirements regarding objections as other continuances.

Id.  Thus, in this case, the fact that the Commonwealth did not request the continuance from December 9, 2014 to February 10, 2015 does not remove a defendant's obligation to object.

### D.  Objection to the Continuance at the October 31, 2014 Hearing

Appellant also argues that his stated objection to "any continuance with Mr. Simmons' case" at the October 31, 2014 hearing was sufficient to preserve his objection to any subsequent continuance, which would include the continuance at the November 12, 2014 hearing.  However, the statutory requirement is that appellant make a "timely objection."  See Code § 19.2-243(4).  Consequently, we find that appellant's objection at the previous October 31, 2014 hearing was not sufficient to put a *different* trial judge *at a different hearing* on notice that appellant objected to *a different trial continuance*.  Cf. Rodriguez v. Commonwealth, 18 Va. App. 277, 286, 443 S.E.2d 419, 425 (1994) ("We do not disapprove of the well established practice of allowing counsel to make a continuing objection to a related series of questions in order to avoid the necessity of repetitive objection.  However, where evidence is introduced that departs from that avowed to the trial court and upon which the trial court ruled, the responsibility to contemporaneously object rests with counsel, not the trial judge.").

E. <u>Whether There Was an Objection to the Continuance at the November 12, 2014 Hearing</u>

Appellant also contends that he *did* object to the continuance in the November 12, 2014 hearing and that his later cooperation with the trial court should not signal concurrence in the continuance. Appellant argues that his statement was a proper objection to the trial continuance when he said, "We may run into speedy trial issues on that date, Judge." At the time Mr. Bradshaw made that statement, the trial judge had offered the parties multiple trial dates – one of which was February 10, 2015. Mr. Bradshaw, appellant's counsel, said that he was available on February 10, 2015. As Judge Spencer recorded that date, Mr. Bradshaw said, "We may run into speedy trial issues on that date, Judge." Judge Spencer, volunteering other dates, said, "Well, I have earlier dates. December 8th." Mr. Bradshaw then responded, "I'm available that day." The prosecutor noted that he was available as well. As Judge Spencer began to set the date, Mr. McCall, counsel for the co-defendant, said, "I'm not available that day, Judge." The parties then went through this back-and-forth discussion about whether they were all available for several other dates. Ultimately, the attorneys and the court ended up discussing the February 10th date again, and Judge Spencer said, "The Commonwealth is available February 10th. Are there any speedy trial issues, just file a motion. This matter will be set – Oh, I'm sorry. Are both defendants available February 10th." Both defense attorneys indicated that they were available.

We hold that Mr. Bradshaw's statement, "We may run into speedy trial issues on that date, Judge" – especially considering the fact that the statement was made in the midst of a discussion as to who was available on which date for trial – was not a clear or definite objection to a *continuance* sufficient to put the Commonwealth or the circuit court on notice that appellant was actually unwilling to move the date of trial. While it is not incumbent upon a defendant to raise speedy trial issues, it *is* incumbent on a defendant to object to any continuance in which a defendant does not concur. "The defendant's failure to object to the court's action in fixing the trial date is an

acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)." Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001). Appellant, citing Baker v. Commonwealth, 25 Va. App. 19, 486 S.E.2d 111 (1997), counters that his act of freely providing times to the circuit court indicating his availability for trial on dates after the five-month period has run cannot signal concurrence in the continuance. It is certainly true that, "[p]roviding available dates and agreeing to a trial date that is outside the statutory period are not actions constituting a waiver of the statutory speedy trial requirement." Id. at 24, 486 S.E.2d at 114. However, in Baker, Baker's counsel provided available dates *after* Baker's counsel "expressly objected" to a trial continuance. Id. Here, appellant's counsel failed to object to a continuance in the discussion before Judge Spencer at the November 12, 2014 hearing.

Appellant's counsel argued at the February 6, 2015 hearing on his motion to dismiss and again at oral argument before this Court that he was precluded from presenting a clear objection beyond saying, "We may run into speedy trial issues" to the circuit court's ruling because the trial judge cut him off. However, even if that were evident from the transcript, which it is not, appellant did not object at the next best opportunity at that hearing. In fact, appellant did not even object to the trial court's December 19, 2014 written order continuing the trial date to February 10, 2015, which noted that the continuance to that date was "satisfactory to the Court . . . and the defendant[.]"

Therefore, based on the record and the circuit court orders before us, we hold that the Commonwealth carried its burden of showing that appellant did not actually object to the continuance of the trial to February 10, 2015. Appellant did not clearly state his objection to any continuance at the November 12, 2014 hearing, nor did he object to the court's December 19, 2014 written order in which Judge Spencer noted that the case was to be tried on February 10, 2015.

III. CONCLUSION

In conclusion, we find that appellant's counsel acquiesced in the continuance of the jury trial to February 10, 2015 when he failed to clearly object to the continuance, which resulted in tolling the period from December 9, 2014 to February 10, 2015 for speedy trial purposes, pursuant to Code § 19.2-243(4).  Therefore, given the tolling, the February 10, 2015 trial date did not violate the statute's speedy trial requirements because it occurred before March 12, 2015 – the new date after which there would have been a statutory speedy trial violation.  Consequently, we affirm appellant's conviction for distributing heroin, third or subsequent offense.

Affirmed.