COURT OF APPEALS OF VIRGINIA

Present:  Judges Causey, Lorish and White
Argued by videoconference


COMMONWEALTH OF VIRGINIA

                                              MEMORANDUM OPINION* BY
v.       Record No. 0690-23-2            JUDGE KIMBERLEY SLAYTON WHITE
                                                 SEPTEMBER 19, 2023

WENDELL RANDALL SMITH, S/K/A
 WENDELL RANDALL-SMITH


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Jacqueline S. McClenney, Judge

           Robert D. Bauer, Assistant Attorney General (Jason S. Miyares,
           Attorney General, on briefs), for appellant.

           Kyle Anderson (Kyle Anderson, PC, on brief), for appellee.


       The Circuit Court for the City of Richmond granted Wendell Randall-Smith's motion to

dismiss based on violation of defendant's right to a speedy trial.  The trial court found that Randall-

Smith's trial "did not commence within the statutory period" and further found that "the

Commonwealth failed to meet the burden of proving that [Randall-Smith] acquiesced to the

Commonwealth's request to vacate the December 14th jury trial, which necessitated the

continuance of that date."  In addition, the court overruled "the Commonwealth's objection that

[Randall-Smith] did not sufficiently note his objection to the ruling vacating the December 14th jury

trial date."  On appeal, the Commonwealth argues that the trial court erred in granting Randall-

Smith's motion to dismiss and erred in counting time against the Commonwealth for purposes of

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

speedy trial. This Court affirms the trial court's judgment that the Commonwealth failed to meet its burden and upholds a finding of a speedy trial violation.

BACKGROUND

For appeals under Code § 19.2-398,[1] we view the facts in the "light most favorable to [the defendant], the prevailing party below" and "grant all reasonable inferences fairly deducible from [the] evidence." *Green v. Commonwealth*, 65 Va. App. 524, 531 (2015) (quoting *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991)).

On April 2, 2022, Wendell Randall-Smith was arrested and held without bail. On June 2, 2022, Randall-Smith appeared in the General District Court of the City of Richmond for a preliminary hearing on charges of attempted murder (later reduced to malicious wounding), use of a firearm in commission of a felony, and possession of a firearm by a violent felon. At the preliminary hearing, probable cause was found on the possession of a firearm charge and the matter was certified to the circuit court. The indictment for possession of a firearm, the only charge at issue in this appeal, was presented to the grand jury on July 5, 2022, and returned as a true bill.

On August 17, 2022, the Circuit Court of the City of Richmond ("trial court") continued the case on Randall-Smith's motion for a jury trial. At the same August 17, 2022 hearing, the parties agreed to set the firearm possession charge for a jury trial on December 14, 2022. The

_____

[1] In a felony case, a pretrial appeal from a circuit court can be raised by the Commonwealth for

> [a]n order of a circuit court dismissing a warrant, information or indictment, or any count or charge thereof on the ground that (i) the defendant was deprived of a speedy trial in violation of the provisions of the Sixth Amendment to the Constitution of the United States, Article I, Section 8 of the Constitution of Virginia, or § 19.2-243 . . . .

Code § 19.2-398(A)(1).

Commonwealth told the court "I think we will probably wind up needing two dates. One for the firearm felon and one for the other two charges," after which counsel for Randall-Smith requested that the "firearm felon charge . . . be the later date."

At the December 2, 2022 pretrial conference, both parties brought an error to the attention of the trial court where the trial court had continued all matters for a jury trial to December 9 rather than separating the matters into two trials on December 9 (malicious wounding and use of a firearm) and on December 14 (firearm possession). At the request by both parties, the trial court entered an order clarifying that the possession charge would be heard on December 14 for jury trial.[2] The parties and the trial court discussed that the court may be unable to proceed with trial for the other two charges on December 9, 2022, a Friday, because the court did not generally have juries begin on Fridays and there may be an issue with having jury panelists summonsed.

The parties appeared again on December 9, 2022, and the trial court informed the parties that it could not accommodate a jury trial on December 9 for the malicious wounding and use of a firearm charges. The trial court asked the Commonwealth if the December 14 trial date for the possession charge should stay on the schedule. The Commonwealth responded "No . . . we need to take that off." On brief, the Commonwealth conceded that their request to vacate the December 14 date was indeed a motion to vacate. Randall-Smith reminded the court that two jury dates would be necessary so the charges could be tried separately, as previously discussed. Randall-Smith then objected to the continuances "for purposes of speedy trial." The Commonwealth argued that there was no speedy trial issue attributable to the Commonwealth,

_____

[2] "[T]he Order clearly delineates that CR22F-1668 [malicious wounding] and 1669 [use of a firearm in the commission of a felony] are docketed for trial jury on December 9, 2022, and that CR22F-1618 [possession of a firearm by a violent felon] is scheduled for jury trial on December 14, 2022."

and defense counsel noted that he would be researching a possible motion to dismiss based on speedy trial. The court suggested February 21, 2023, as possible date for one of the trials. Randall-Smith responded that he was available, but the Commonwealth responded that it was not. The court then suggested March 1, 2023, for the malicious wounding and use of a firearm charges. Randall-Smith's counsel noted he was available on that date, while again objecting for speedy trial purposes. The court then suggested dates after March 1, 2023, for the second trial. Defense counsel was not available for the suggested dates in March, and instead offered up his available dates in April. Ultimately, April 11, 2023, was chosen for the possession of a firearm trial. After this, the court asked again whether Randall-Smith would be filing a motion for dismissal based on speedy trial, and counsel again indicated that "I am going to be looking into that."

On April 3, 2023, Randall-Smith moved to dismiss the felony possession charge, alleging statutory speedy trial rights violation. The Commonwealth argued that it was not at fault for the trial date outside the speedy trial period, that Randall-Smith agreed to set the trial outside the speedy trial period, and that the Commonwealth continued the trial date only because of the trial court's inability to secure a jury on December 9. After a hearing, the trial court granted Randall-Smith's motion and dismissed the possession of a firearm charge. The trial court rejected the Commonwealth's arguments because "the Commonwealth moved the Court to vacate the December 14, 2022, jury trial date, which . . . the Court granted." In a written opinion and order, the court found that the "[d]efendant specifically objected to the removal of the December 14th trial date . . . three times on the record." In the order, the court calculated the time as follows:

> The General District Court found probable cause to certify this charge to the Circuit Court on June 2, 2022 . . . speedy trial was tolled by Emergency Order due to the COVID 19 pandemic until June 22, 2022. Accordingly, the Court does not calculate the period of time between June 3rd and June 22nd against the Commonwealth. The period between June 23rd and August 17th

- 4 -

(55 and a fraction days) counts against the Commonwealth for purposes of speedy trial. On August 17th, this Court continued the case on the Defendant's motion to December 9th for jury. . . . [T]he speedy trial clock runs against the Defendant [for] August 17th to December 14th, a period of 122 and a fraction days . . . . The December 14th jury trial date on this charge, was vacated at the request of the Commonwealth and over the objection of the Defendant accordingly the period between December 14th and April 11th counts against the Commonwealth, a period of 118 and a fraction days counts against the Commonwealth. [T]he total period of time attributable against the Commonwealth for the purposes of the speedy trial clock is 172 and a fraction days.[3]

ANALYSIS

"[A] statutory speedy trial challenge presents a mixed question of law and fact." *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)). For questions of speedy trial, this Court "gives deference to the trial court's factual findings but reviews legal issues *de novo*, including . . . the proper construction of a statute." *Id.* Whether the Commonwealth has met its burden is not "ascertained only from the text of trial court orders in the record" but from "a review of the whole record and a consideration of the trial court orders in the context of the record . . . before us." *Baity v. Commonwealth*, 16 Va. App. 497, 503 (1993).

Virginia has codified the right to a speedy trial to supplement the constitutional right to a speedy trial. *See Stephens v. Commonwealth*, 225 Va. 224, 229-30 (1983) (noting that Code § 19.2-243 is "held to be a legislative interpretation of what constitutes a speedy trial"). Code § 19.2-243 states:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court.

---

[3] This Court notes that the correct calculation is 173 and a fraction days.

Five months is the equivalent to "152 and a fraction days." *Osman v. Commonwealth*, 76 Va. App. 613, 657 (2023) (quoting *Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995)). Beyond five months, the Commonwealth bears the burden of proving "that the delay was based on 'one of the reasons enumerated in Code § 19.2-243 or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'" *Wallace v. Commonwealth*, 65 Va. App. 80, 89 (2015) (quoting *Powell v. Commonwealth*, 29 Va. App. 745, 748 (1999)).[4]

"The statute makes clear that the actions of either 'the accused *or his counsel*' may constitute a waiver of the accused's right to invoke the statute's time limitations." *McCray v. Commonwealth*, 44 Va. App. 334, 342 (2004) (citing Code § 19.2-243). "The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)." *Heath v. Commonwealth*, 261 Va. 389, 394 (2001). "Delay caused by defense counsel . . . is 'charged against the defendant.'" *Ali*, 75 Va. App. at 38 (quoting *Vermont v. Brillon*, 556 U.S. 81, 91 (2009)).

On the other hand, without "defendant's request for a continuance or concurrence in the Commonwealth's request or waiver of the right to a speedy trial" and "absent an exception set forth in the statute," the "Commonwealth has the duty . . . to provide the accused a speedy trial." *Baker v. Commonwealth*, 25 Va. App. 19, 24, *aff'd on reh'g en banc*, 26 Va. App. 175 (1997).

---

[4] Code § 19.2-243 states that:

> [T]he provisions of this section shall not apply to such period of time as the failure to try the accused was caused . . . [b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance.

We have previously explained that "[i]t is the responsibility of the trial court, not the prosecutor or the accused, to control the court's docket and schedule criminal cases for trial." *Id.* For this reason, the "trial court should consider counsel's available dates and . . . absent defendant's . . . waiver of the right to a speedy trial, the trial judge has the responsibility to commence the trial within the statutorily specified time." *Id.* "With respect to fundamental constitutional rights, 'courts indulge every reasonable presumption against waiver.'" *Id.* at 25 (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)).

The Commonwealth agrees that where there is delay, "[t]he Commonwealth must prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on appellant's waiver, actual or implied, of his right to be tried within the designated period.'" *Baker*, 25 Va. App. at 22 (second alteration in original). The Commonwealth then argues that Randall-Smith consented to the April 11, 2023 trial date and that as such, there was no speedy trial violation. The Commonwealth advances two theories for why Randall-Smith consented to the date.

First, Randall-Smith offered up, and agreed, to the April trial date after rejecting an earlier March 13, 2023 trial date—which was within the speedy trial period—and for which both the Commonwealth and court were available. The Commonwealth argues that when Randall-Smith's attorney said he was unavailable for trial that day, that was tantamount to a request for a continuance (attributable to the defense), or otherwise constituted a waiver of speedy trial.

As an initial matter, the Commonwealth argues that Randall-Smith acquiesced and waived his speedy trial rights when his counsel provided dates and agreed to dates outside the speedy trial period. The Commonwealth cites to *Heath v. Commonwealth* for the proposition that a defendant agreeing to a set a trial date outside the statutory trial period "constitutes a continuance of the trial date under Code § 19.2-243(4)." 261 Va. at 394. Here, the trial court made express factual

- 7 -

findings that counsel objected to moving the December 14 trial date. The trial court found that "[d]efendant specifically objected to the removal of the December 14th trial date . . . three times on the record." The first objection was "[a]nd if the Court could just note my objection for the purposes of speedy trial." The second objection was "I think I have to note my objection for speedy trial purposes." The third objection was after counsel noted he was available on March 1, 2023, and said "[b]ut I would note my objection to setting it on March 1st, but I am available." Even when Randall-Smith noted availability for a date outside the speedy trial period, Randall-Smith entered a speedy trial objection.[5] Given the three objections on the record, we cannot say the trial court's factual findings were "plainly wrong" or "without evidence to support them." *Ali*, 75 Va. App. at 33.

As we have previously explained, "[p]roviding available dates and agreeing to a trial date that is outside the statutory period are not actions constituting a waiver of the statutory speedy trial requirement." *Baker*, 25 Va. App. at 24. That is exactly what happened here. On December 9, 2022, the Commonwealth asked the court explicitly to vacate and move the December 14, 2022 date. Then, Randall-Smith objected and provided an available trial date outside the speedy trial period since the court granted the Commonwealth's motion to vacate.[6] Randall-Smith did not waive his speedy trial right when his counsel provided dates outside the statutory period after the trial court granted the Commonwealth's continuance motion over his objection.

---

[5] This Court notes that the presiding judge at the December 9, 2022 hearing asked twice whether Randall-Smith would be moving to dismiss for speedy trial purposes. And, twice, counsel responded that they would be researching the issue.

[6] In fact, it must be noted that Randall-Smith also provided an available trial date within the speedy trial period that was not agreed to by the Commonwealth.

Afterall, so long as a defendant objects to a continuance, "[t]he accused has *no duty* to request that a trial date be set within the prescribed period in order to preserve his or her statutory right to a speedy trial." *Id.* at 23 (emphasis added) (quoting *Baity*, 16 Va. App. at 501). "A defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period." *Id.* (quoting *Godfrey v. Commonwealth*, 227 Va. 460, 463 (1984)). To the contrary, "[i]t is the responsibility of the trial court, not the prosecutor or the accused, to control the court's docket and schedule criminal cases for trial." *Id.* at 24 (citing *Baity*, 16 Va. App. at 501). For these reasons, that Randall-Smith's counsel rejected a trial date within the speedy trial window that was available to the court and Commonwealth does not change this analysis. The Commonwealth cites no authority for the premise that counsel having a conflict on a proposed trial date is akin to a request for a continuance, and we can find none.

Second, the Commonwealth argues that "the defense bears responsibility due to its insistence that the Possession of a Firearm by a Violent Felon jury trial be held on a separate date, after the trial on the other charges." As an initial matter, a defense request for separate trials is not an enumerated exception in Code § 19.2-243 that tolls the speedy trial period. To the extent the Commonwealth argues that a request for separate trials is comparable to a request for a continuance, we disagree.

While it is well-settled that the charge of a felon in possession of a firearm be tried to a separate jury from the one that hears any other crimes charged, there is no requirement that one trial pre-date the other. *See Johnson v. Commonwealth*, 20 Va. App. 49, 56 (1995); *Hackney v. Commonwealth*, 28 Va. App. 288, 293-94 (1998); *Long v. Commonwealth*, 20 Va. App. 223, 226-27 (1995). In fact, the Commonwealth admitted as much at oral argument. The December 14 date had been set by the court to try the felon in possession of a firearm charge to a jury

separate from the one to hear the other charges.  The request to release that date was made by the Commonwealth, with no explanation.

"[A]bsent defendant's request for a continuance or concurrence in the Commonwealth's request or waiver of the right to a speedy trial" and "absent an exception set forth in the statute," this Court has held that the "Commonwealth has the duty . . . to provide the accused a speedy trial." *Baker*, 25 Va. App. at 24.  Here, there were no actions by the defendant to waive setting the trial outside the speedy trial period, a request for a continuance, or a concurrence in the Commonwealth's motion to vacate.  As such, Randall-Smith had a right to a speedy trial, and it was violated when the Commonwealth's motion to vacate was granted over defense objections and a new trial date was set beyond the speedy trial deadline.

CONCLUSION

The Commonwealth failed to meet its burden to prove "that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on the [accused's] waiver, actual or implied, of his right to be tried within the designated period." *Wallace*, 65 Va. App. at 89 (alterations in original) (quoting *Powell*, 29 Va. App. at 748).  As a result, this Court affirms the lower court's decision finding a speedy trial violation attributable to the Commonwealth.

*Affirmed*.